## MORRISON *v.* STALNAKER.

On Jan. 18, 1871, A., a pre-emptor, settled upon part of an even-numbered section of land, which, although previously offered at public sale, was at that date withdrawn from private entry, it being within the grant to the Burlington and Missouri River Railroad Company. *Held*, that, under the second section of the act of July 14, 1870, c. 272 (16 Stat. 279), he was entitled to the period of eighteen months from the time limited for filing his declaratory statement, within which to make payment and proof.

ERROR to the Supreme Court of the State of Nebraska.

This was an action brought in the District Court of Cass County, Nebraska, by Morrison, to recover the possession of a tract of eighty acres, being part of an even-numbered section of land situate in that county.

Morrison claimed under a patent from the United States dated May 10, 1873, conveying to him the demanded premises.

Stalnaker, the defendant, settled upon them, they being public land, Jan. 18, 1871. On the sixteenth day of the following month his declaratory statement required by the pre-emption law was filed in the proper office, and he continuously thereafter resided upon them. They had, prior to those dates, been offered at public sale, and are within the limits of the lands which, under the act of July 1, 1862, c. 120 (12 Stat. 489), and the acts amendatory thereof, the Land Department withdrew from market to cover the grant made to the Burlington and Missouri River Railroad Company.

The act of March 6, 1868, c. 20 (15 Stat. 39), provides that nothing in those acts shall be held to authorize the withdrawal or exclusion from settlement and entry, under the provisions of the pre-emption or homestead laws, the even-numbered

sections along the routes of the several roads therein mentioned which have been or may be hereafter located, provided that such sections shall be subject only to entry under those laws. The Secretary of the Interior was thereby authorized and directed to restore to homestead settlement, pre-emption, or entry, according to existing laws, all the even-numbered sections of land belonging to the government and then withdrawn from market on both sides of the Pacific Railroad and branches, wherever they had been definitely located.

Stalnaker, about June 1, 1872, appeared with his witnesses at the local land-office, and offered to prove all the facts necessary to entitle him to enter the premises. He at the same time tendered the requisite sum of money. His offer and tender were refused, upon the ground that, by reason of his failure to make the proofs within one year from the date of settlement, he had forfeited his right of pre-emption.

Stalnaker's answer to Morrison's petition is in the nature of a bill in chancery, and sets up that, in fraud of his pre-emption rights, and by mistake of the Land Department in regard to them, a patent of the United States for the land was issued to the plaintiff. Judgment was rendered in the court of original jurisdiction in favor of Morrison. It was reversed on appeal to the Supreme Court, and he sued out this writ of error.

*Mr. Willis Drummond* and *Mr. Robert H. Bradford* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. JUSTICE MILLER, after stating the facts, delivered the opinion of the court.

The errors assigned here may be divided into two, substantially.

The first is that the court erred in refusing to hold that Stalnaker, after having in due time filed his declaratory statement, did not, in making his application to the register and receiver of the land-office to enter the land, offer to prove his citizenship, and the other facts necessary to establish his right of pre-emption. To this the only answer necessary is that the officers declined to receive from him any proofs or money,

because they decided that he came too late, and was not, for that reason, entitled to enter the land, although his proofs in other respects might be perfect.

The second assignment is that the court erred in deciding that he had the right to perfect his claim by proofs twelve months after the date of his settlement.

The land was not subject to private entry when Stalnaker settled upon it and filed his declaratory statement.

The argument of counsel for plaintiff in error is that the case does not come within sect. 2267 of the Revised Statutes, because the land was surveyed and had once been proclaimed for sale. Sects. 2265 and 2266 prescribe rules of pre-emption for lands surveyed but not proclaimed, and for unsurveyed lands; and sect. 2267 declares that all claimants of pre-emption rights under these two sections shall, when no shorter period is prescribed, make their proofs within thirty months after the date prescribed for filing the declaratory statement. As this land had been surveyed and at one time proclaimed, the argument is that the time for making proof is not governed by sect. 2267, but by sect. 2264, which requires the person asserting a pre-emption right to land subject at the time to private entry, to make the proof within one year after the date of his settlement. But this land, at the date of Stalnaker's settlement, was not subject to private entry.

We find, however, that at that time sect. 2 of the act of July 14, 1870, c. 272 (16 Stat. 279), was in force. The first section of that act extends certain laws for the sale and survey of public lands to the Territory of Colorado. The second section, however, is more general, and, among other things relating to settlers on lands reserved for railroad purposes, enacts that "all claimants of pre-emption rights shall hereafter, when no shorter period of time is now prescribed by law, make the proper proof and payment for the lands claimed within eighteen months after the date prescribed for filing their declaratory notices shall have expired."

All Stalnaker's proceedings took place while this law was in force. It gave him eighteen months from the time limited for his declaratory statement, namely, from the eighteenth day of April, 1871, to make payment and proof.

He offered his money and his proof several months within the time which this statute allowed.

The Supreme Court of Nebraska, therefore, did not err in· refusing to hold that his right expired within one year from the date of his settlement.

*Judgment affirmed.*