AMERICAN CEREAL CO. v. ELI PETTIJOHN CEREAL CO.

(Circuit Court, N. D. Illinois. June 18, 1895.)

1. WRITS—SERVICE OF PROCESS—MOTION TO QUASH.
   Objection by a defendant corporation to service of process on the ground that the person served was not in fact its agent should be raised by motion to quash the return.

2. APPEARANCE—SPECIAL—OBJECTING TO SERVICE—WAIVER.
   Where a defendant appears specially for the purpose of moving to quash the return on the summons, the fact that it also prays judgment whether it should be compelled to plead for the reason that it is a nonresident corporation does not constitute a waiver of the objection to the service. N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 4 C. C. A. 403, 54 Fed. 420, followed.

In Equity. On motion to quash return of service.

Suit by the American Cereal Company against the Eli Pettijohn Cereal Company. Defendant moves to quash the sheriff's return of service of summons.

Swift, Campbell, Jones & Martin, for complainant.

Willard & Evans, for defendant.

SHOWALTER, Circuit Judge. This is a bill in chancery filed originally in the superior court of Cook county. The complainant is a corporation organized and doing business in Ohio. The defendant, a Minnesota corporation, having removed the cause to this court by a special appearance for that purpose in the state court, thereupon filed its motion in this court to quash the sheriff's return of service, on the ground that the person named in said return as the

agent of defendant was not, in fact, the defendant's agent or employé, within the sense of section 4, c. 110, Rev. St. Ill., relating to the service of process on corporations. Said motion is in writing, and defendant proposes to support the same, and make out its denial of said agency or employment—in other words, to try the question—by affidavits. Complainant now moves to strike said motion so made by defendant from the files, on the ground that said matter cannot be tried or determined, against the objection of complainant, otherwise than by plea in abatement. In support of this position, complainant's counsel cites decisions by the supreme court of Illinois, and one, at least, by a learned federal judge, wherein the state ruling is followed. I find, however, that the practice of making the question by motion, and not by plea, prevails quite generally in the federal courts; and this, I conclude, upon reflection, is the correct practice. The determining consideration is that the matter at issue, however it may result, will not end the suit,—if found against the defendant, the defendant is in court and must plead; if in favor of the defendant, the return on the writ is vacated or quashed, and the suit remains pending,—whereas a plea, either in abatement or in bar, if made out by proof, puts an end to the proceeding. The view that a motion to be determined on affidavits is the proper practice in such cases is sustained by English decisions. Hemp v. Warren, 2 Dowl. (N. S.) 758; Preston v. Lamont, 1 Exch. Div. 361.

Complainant insists, also, that, by the form of the motion, defendant has waived the point as to service, and is now in court. The motion here is in substantially the same words as was the motion in N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 4 C. C. A. 403, 54 Fed. 420. On this authority, I hold that the question of service has not been waived. Complainant's motion is therefore overruled.