### L. E. WATERMAN CO. v. PARKER PEN CO.

(Circuit Court, E. D. Pennsylvania. February 16, 1900.)

Nos. 25, 26.

1. PROCESS—RETURN AS EVIDENCE.
    A return of service of process at "the place of business" of defendant is not conclusive that such place is a regular and established place of business, within the meaning of Act March 3, 1897 (29 Stat. 695), which makes the jurisdiction of a circuit court of a suit for infringement of a patent, where the defendant is not an inhabitant of the district, dependent on the defendant having a regular and established place of business therein.

2. PATENTS—JURISDICTION OF SUIT FOR INFRINGEMENT—NONRESIDENT DEFENDANTS.
    The temporary occupation by a corporation of another state of space in an exposition for the exhibition of its wares does not make such place a "regular and established place of business" of the corporation, within the meaning of Act March 3, 1897 (29 Stat. 695), so as to give a circuit court in that district jurisdiction of a suit against it for infringement of a patent.

In Equity.

Logan, Demond & Harby, for complainant.
William B. Whitney, for respondent.

DALLAS, Circuit Judge. The complainant's claim of jurisdiction in this court rests upon a return of service of process, as follows:

"November 28, 1899, at Philadelphia, in my district, served the within writ on the Parker Pen Company, at the place of business of said company in the National Export Exposition, by giving a true and attested copy thereof to William A. Schacht, the agent in charge, and making known the contents of same to him."

This return is not conclusive of the question whether the place to which it refers was or was not a regular and established place of business of the defendant; and if it was not in fact such a place no valid service has been made. By the act of March 3, 1897 (29 Stat. 695), the jurisdiction of the circuit courts of the United States in suits for the infringement of patents, when brought in any district other than that of which the defendant is an inhabitant, is made to depend upon the defendant having a regular and established place of business therein. The present defendant is not an inhabitant of the Eastern district of Pennsylvania. It is a citizen and inhabitant of Wisconsin, and its only actual place of business is in that state. It occupied a space in the recent National Export Exposition in the city of Philadelphia as an exhibitor of merchandise. But such temporary

occupation for such a purpose did not make the space so occupied "a regular and established place of business." The defendant does not appear to have had any intention to use it as a place of business at all, in the ordinary sense, and the terms upon which it was permitted to use it for the display of its wares precluded its doing so. Mr. Schacht had no authority to disregard those terms, and I may add (though the fact is, perhaps, not material) that the proofs, as a whole, would not justify a finding that he did so. I am of opinion that the application which this complainant has sought to make of the act of congress of March 3, 1897, is not warranted by the terms of that act, and would, if sustained, be subversive of its manifest spirit and intent. And now, this 16th day of February, 1900, on motion of counsel for the defendant, it is ordered that the service of process in each of these cases be vacated, and set aside.