### L. E. WATERMAN CO. v. PARKER PEN CO.

(Circuit Court of Appeals, Third Circuit. March 22, 1901.)

#### No. 23.

FEDERAL COURTS—PATENT INFRINGEMENT—FOREIGN CORPORATION—PROCESS —SERVICE—VACATION—FINAL ORDER—APPEAL.

Act Cong. March 3, 1897 (29 St. 695), defining the jurisdiction of United States circuit courts in patent cases, provides that suit may be brought in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business. *Held*, that where it did not appear from an order sustaining a motion to set aside process served on a foreign corporation in an action for infringement of patent, on the ground that the place where it was served was not defendant's place of business, that defendant did not have a place of business within the district in which the suit was brought, the order vacating the service was not a final decision or decree from which an appeal would lie to the circuit court of appeals.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Fred C. Hanford, for appellant.

Wm. B. Whitney, for appellee.

Before GRAY, Circuit Judge, and BRADFORD and McPHERSON, District Judges.

BRADFORD, District Judge. The matter before us for decision is a motion to dismiss the appeal of the L. E. Waterman Company from an order of the circuit court for the eastern district of Pennsylvania setting aside the service of a subpœna ad respondendum, in a suit brought by that company against The Parker Pen Company, the appellee. 100 Fed. 544. The bill charges infringement of certain letters patent owned by the complainant for improvements in fountain pens, and contains the usual prayers for profits, damages and an injunction. The Waterman company is a corporation of New York and the Parker company is a corporation of Wisconsin. The second paragraph of the stating part of the bill contains the following averments:

"The said defendant has, and at all the times hereinafter mentioned had, a regular and established place of business in the City of Philadelphia, State of Pennsylvania, and Eastern District of Pennsylvania, and the acts of infringement hereinafter complained of, or some of them, were committed in said City of Philadelphia, State of Pennsylvania, in the Eastern District of Pennsylvania."

The marshal made return on the subpœna he had served the same on the Parker company in Philadelphia "at the place of business of said company, in the National Export Exposition, by giving a true and attested copy thereof to William A. Schacht, agent in charge, and making known the contents of same to him." The defendant subsequently caused a special appearance to be entered for it "for the purpose, and only for the purpose, of objecting to the jurisdiction of this court," and thereafter the defendant's solicitor, pursuant to due notice, submitted a motion supported by affidavits for an order vacating and setting aside the service of process upon the defendant in this and another suit between the same parties. The motion was granted; the order being as follows:

"And now, this 16th day of February, 1900, on motion of counsel for the defendant, it is ordered that the service of process in each of these cases be vacated and set aside."

From this order the present appeal was taken. The motion to dismiss is based on two alternative grounds, namely, (1) that the order was not a final decision or decree from which an appeal would lie, and (2) that, if it should be held a final decision or decree, the case is one in which the jurisdiction of the circuit court was in issue, and an appeal would lie only to the supreme court. Under the provisions of the act establishing the circuit courts of appeals, as it stood at the time this appeal was taken and now stands, save in certain excepted cases with which we are not here concerned, an appeal lies to this court only from a "final decision" of the lower court. This phrase means a final decree or a final judgment, as the case may be. We do not regard the order appealed from either in form or in substance as a final decree. The precise question involved in the decision of the motion for the order is clearly indicated by the following language of the learned judge below:

"This return is not conclusive of the question whether the place to which it refers was or was not a regular and established place of business of the

defendant; and if it was not in fact such a place, no valid service has been made."

The point before the court below for determination was whether there had been a valid service of the subpœna, and it was held that such service had not been effected for the reason that the space occupied by the defendant in the National Export Exposition in Philadelphia was not a regular and established place of business of the defendant, and therefore service could not validly be made on Schacht, who was in charge of such space. The learned circuit judge evidently did not consider the decision of the motion before him as necessarily a final disposition of the suit. If he had taken that view, it is fair to assume that the order setting aside would have been followed by or incorporated in a decree dismissing the bill. The act of March 3, 1897, entitled "An Act Defining the jurisdiction of the United States circuit courts in cases brought for the infringement of letters patent" (29 Stat. 695), provides as follows:

"That in suits brought for the infringement of letters patent the circuit courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The bill does not state that the defendant had only one regular and established place of business in Philadelphia, and that such place was in the National Export Exposition. The exposition is not mentioned in the bill. The averment is that the defendant had a regular and established place of business in Philadelphia, and that acts of infringement had been committed by the defendant in that city. It by no means follows that, because the defendant had not such a place of business in the exposition, it might not have had one or more such places of business elsewhere in Philadelphia; nor are we ready to hold that because one writ of subpœna in this case has proved ineffectual valid service of another may not be made. We therefore do not regard the order appealed from as in any sense a final decree either in substance or in form. This conclusion is supported by the authorities. In re Grossmayer, 177 U. S. 48, 20 Sup. Ct. 535, 44 L. Ed. 665; Ex parte Schollenberger. 96 U. S. 369, 24 L. Ed. 853. But it is unnecessary further to pursue this line of discussion; for the appellant is confronted with a dilemma fatal to this appeal. From a final decree of a circuit or district court on a question of jurisdiction, whether of the cause or of the person, the appeal lies directly to the supreme court, and this court is without jurisdiction to entertain it. Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602. The order of the court below setting aside service of the subpœna was either a final decree or it was not. If it was not, no appeal lay to this court. If it was, this court is without jurisdiction in the premises, the appeal lying only to the supreme court. In nei-

ther aspect of the case can the appeal be sustained. The motion to dismiss is granted.

J. B. McPHERSON, District Judge. I concur in the result reached in the opinion of the majority of the court, but I would dismiss the appeal upon the ground that the jurisdiction of the circuit court was directly in question, and, therefore, that the appellant's remedy should have been sought in the supreme court of the United States. My reasons are as follows:

The Parker Pen Company was an exhibitor at the National Export Exposition,—a commercial fair held in the city of Philadelphia during part of the year 1899,—and occupied a small space in one of the buildings used by the exposition. During the fair the Pen Company sold several fountain pens to one person, at least; and this sale, it is alleged by the complainant, infringed certain letters patent now belonging to the Waterman Company. The complainant thereupon filed a bill in equity in the circuit court for the Eastern district of Pennsylvania, averring that the defendant had a regular, established place of business in the district, and caused the subpœna to be served upon William Schacht, who was asserted to be the agent conducting such business. The defendant is a corporation of the state of Wisconsin, and this action was brought in the state of Pennsylvania by virtue of the act of 1897 (29 Stat. 695; 2 Supp. Rev. St. p. 615). This statute enlarges the jurisdiction of the circuit courts by providing that suits at law or in equity for the infringement of letters patent may be brought in any district in which acts of infringement have been committed, and in which, also, the defendant has a regular and established place of business, although he may not be an inhabitant of such district. When the suit is brought in a district of which the defendant is not an inhabitant, but in which he has a regular and established place of business, service of the summons or of the subpœna may be made upon the agent conducting such business in the district in which suit is begun. After the service of the subpœna in the present case upon William Schacht, an appearance was entered for the defendant "for the purpose, and only for the purpose, of objecting to the jurisdiction of this court"; and shortly thereafter the defendant moved to vacate and set aside the service, supporting the motion by a direct attack upon the jurisdiction, on the single ground that the defendant did not have a regular and established place of business within this district. It was not asserted that any other place of business than the Export Exposition was in question, and in point of fact, as the affidavits show, no other place was in controversy. The defendant's affidavits averred—and there was no denial of the averment—not merely that the place of exhibition was not a regular and established place of business, but that the defendant had no such place of business anywhere in the district. The learned judge of the circuit court considered these affidavits, and sustained the motion, in an opinion to be found in 100 Fed. 544, setting aside the service of the subpœna. From this order the present appeal is taken, and the defendant's motion to dismiss is supported by the argument

that the jurisdiction of the circuit court was the only matter at issue before that tribunal, and therefore that the appeal should have been taken directly to the supreme court of the United States. It is conceded by the complainant that, if the jurisdiction of the court below was the point at issue, the motion to dismiss must prevail (U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87); and the matter for our consideration, therefore, is whether the jurisdiction was in issue, and was finally determined by the order setting the service aside.

Upon this point I entertain no doubt. It seems clear to me that the jurisdiction of the circuit court was directly and completely questioned by the motion to set aside the service of the subpœna on the ground that the defendant had no regular and established place of business in the district. It was not simply a particular place of business that was put in issue, but the broad assertion was made that there was no regular and established place of business whatever to be found in the district. The right of the court to entertain the complainant's bill depended in a material part upon the fact that the defendant had such a place of business in the district; for, if this fact did not exist, the act of 1897 did not apply, and the suit could not be brought in the state of Pennsylvania. It is manifest that the question of jurisdiction might be raised at any stage of the proceeding, and I think it might be brought to the attention of the court, either by plea or upon final hearing, or, as it was brought in the present case, by a motion to set aside the service of the subpœna. In my opinion, the form in which the matter is brought before the court is not of controlling importance. If the substance of the inquiry, whatever the form may be, is concerning the jurisdictional fact whether the defendant has a regular and established place of business within the district, then, unquestionably, as it seems to me, the jurisdiction of the court is at once brought into question, and a decision of the inquiry must either sustain or refuse to sustain the right of the court to hear and determine the suit. If the motion should be to set aside the service upon the ground that it has been irregularly made, or that the person upon whom service was made is not such an agent as is contemplated by the statute, other questions might arise, to which no attention need now be paid; but when the service is directly attacked upon the ground that the right to make it never existed, because the complainant never had a right to file the bill, for the reason that the defendant had no regular and established place of business within the district, a direct attack is thereby made upon the jurisdiction of the court, and a decision setting aside the service upon the ground thus set up decides the right of the court to hear and determine the controversy. Service cannot be made upon an agent unless the defendant has a regular and established place of business within the district, and, as already said, this is also a necessary prerequisite to the right to begin the suit.

The fact that the circuit court did not dismiss the bill is not material. Having determined that it had no jurisdiction, it might have made such an order, but the ground of its decision is not altered by

the fact that no decree of dismissal has yet been entered. The cases of Fairbank v. Railway Co., 4 C. C. A. 403, 54 Fed. 420, 38 L. R. A. 271, and American Cereal Co. v. Eli Pettijohn Cereal Co. (C. C.) 70 Fed. 276, are obviously not in point.

For the foregoing reasons, I am of opinion that the present appeal should have been taken directly to the supreme court of the United States, and upon this ground I agree that the appeal should be dismissed.