COLLIN COUNTY NAT. BANK OF McKINNEY, TEX., v. HUGHES.*

(Circuit Court of Appeals, Eighth Circuit.   March 26, 1907.)

No. 2,511.

1. COURTS—UNITED STATES COURTS—JURISDICTION—POWERS OF STATE LEGISLATURES.

The jurisdiction of a federal court over the subject-matter of and the parties to a judgment includes the power to enforce it, continues until it is satisfied, and may not be destroyed or impaired by the legislation of the states.

2. JUDGMENT—REVIVAL—SCIRE FACIAS—NATURE OF PROCEEDING.

A proceeding by scire facias to revive a personal judgment is a mere continuance of the action which resulted in the judgment, a supplementary remedy to aid in the collection of the debt.   It is not an original or an independent suit or proceeding.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1613.]

3. COURTS—UNITED STATES COURTS—JURISDICTION—SCIRE FACIAS TO REVIVE JUDGMENT—ADOPTION OF PRACTICE OF STATE COURTS.

The power to issue writs of scire facias to revive judgments granted to the national courts by the fourteenth section of the judiciary act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 81) includes the power to prescribe the methods of their service and to cause them to be served either within or without the districts in which the courts sit.

While the national courts may follow the methods of service prescribed by the states for similar writs issued by the state courts, the national courts are not restricted to those methods, but may prescribe their own ways and cause them to be followed according to the course of the common law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 917.]

4. WRIT OF ERROR—DECISIONS REVIEWABLE—FINAL DECISION — QUASHING SERVICE OF WRIT OF SCIRE FACIAS.

An order which quashes the service of a writ of scire facias by publication, without determining that the writ may not be otherwise served, and without dismissing the action, is not a final decision, and is not reviewable by writ of error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 464.]

5. SAME—FORM OF REMEDY—EXISTENCE OF REMEDY BY MANDAMUS.

A writ of mandamus is, and a writ of error is not, the proper remedy for the refusal of a Circuit Court to prescribe the method and direct the service of a writ of scire facias and also for its refusal after sufficient service to take jurisdiction of and to decide the issues presented by the writ.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 34.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

On motion to dismiss writ of error.

Clayton C. Dorsey and W. V. Hodges, for the motion.

Clinton Reed and Samuel S. Large, opposed.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

*For opinion on rehearing, see 155 Fed. 389.

SANBORN, Circuit Judge. This is a motion to dismiss a writ of error which challenges an order of the Circuit Court that quashed the service by publication of a writ of scire facias to revive a judgment. The motion is made on the grounds that the order was not a final decision, that this court has no jurisdiction to review it, and that the citation in this court was not properly served.

On June 26, 1891, a judgment was rendered in the United States Circuit Court for the District of Colorado in favor of the Collin County National Bank of McKinney, Tex., and against J. A. Hughes, for $6,050. On December 16, 1905, the bank filed a petition, and on December 19, 1905, the court issued a scire facias to revive that judgment. On December 30, 1905, the marshal made a return that the defendant Hughes could not be found in the district of Colorado, on the 8th day of January, 1906, an affidavit was filed to the effect that Hughes resided in the state of Texas, and that his post office address was at Dallas in that state, and the court ordered that the writ of scire facias should be served upon him by a publication thereof in a Denver newspaper. The publication was made, and thereafter the attorneys for Hughes appeared specially for that purpose and moved the court to quash the service of the writ, and the court granted their motion.

The United States Circuit Court below had full jurisdiction of the subject-matter of, and of the parties to, the original judgment, and therefore it had plenary power to enforce it. "Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." Riggs v. Johnson County, 6 Wall. (U. S.) 166, 187, 18 L. Ed. 768. "The jurisdiction of a court is not exhausted by the rendition of its judgment, but continues until the judgment shall be satisfied." Wayman v. Southard, 10 Wheat. (U. S.) 1, 22, 6 L. Ed. 253. The fact that the statutes of the state of Colorado have or have not provided a method for the enforcement of such a judgment cannot limit or impair this power. The jurisdiction of a national court over a controversy once lawfully acquired includes the power to enforce its judgment or decree, and this power may not be destroyed or restrained by the legislation, or the lack of legislation of the states, because it is granted by the Constitution and the acts of Congress, which are the supreme law of the land. Barber Asphalt Pav. Co. v. Morris, 132 Fed. 945, 949, 66 C. C. A. 55, 59, 67 L. R. A. 761; Brun v. Mann (C. C. A.) 151 Fed. 145; Chicot Co. v. Sherwood, 148 U. S. 529, 533, 534, 13 Sup. Ct. 695, 37 L. Ed. 546.

A proceeding by scire facias to revive a personal judgment is a mere continuance of the suit in which the judgment was rendered. It is a supplementary remedy to aid in the recovery of the debt evidenced by the judgment. It is not an original or an independent suit or proceeding. Lafayette Co. v. Wonderly, 92 Fed. 313, 314, 34 C. C. A. 360, 361; U. S. v. Payne, 147 U. S. 687, 690, 13 Sup. Ct. 442, 37 L. Ed. 332; Adams v. Savage, 3 Salk. 321, 2 Bac. Abr. 598; McGill v. Perrigo, 9 Johns. (N. Y.) 259; Humphreys v. Lundy, 37 Mo. 320, 323.

The authority of the Circuit Courts of the United States to issue, and ex necessitate to serve, writs of scire facias was conferred upon them by section 14 of the judiciary act of 1789. Act Sept. 24, 1789, c. 20, 1 Stat. 81; Rev. St. § 716 [U. S. Comp. St. 1901, p. 580]. And while these courts may follow the methods of issue and of service subsequently provided for the state courts by their Legislatures, just as they may enforce any rights such Legislatures may grant and administer any remedies they may provide, they are not restricted to those methods, but may issue and serve their writs according to the course of the common law. U. S. v. Insley, 54 Fed. 221, 223, 4 C. C. A. 296, 298. The defendant in this action is still within the jurisdiction of the Circuit Court. This is a proceeding to enforce the judgment which that court rendered against him. If the statutes of Colorado have failed to provide any adequate method of giving notice of this writ to the defendant, Hughes, the Circuit Court has ample power by its own order to prescribe such a method and to direct the service to be made accordingly. The only essential requisite is that it shall be such service as will with reasonable probability give the defendant notice of the writ and of the return day. The defendant cannot escape the jurisdiction of the court below by withdrawing his person from the district in which that court sits. If service of the writ by publication is insufficient to give the defendant reasonable notice of it, a question upon which no opinion is expressed, personal service of it upon him in the state of Texas or wherever he may be found, or service upon a person of suitable age and discretion living in his residence in the state of Texas, if he cannot be found, may be prescribed by the court below. Comstock, Adm'r, v. Holbrook, 16 Gray (Mass.) 111, 113; Battey, Executor, v. Holbrook, 11 Gray (Mass.) 212; Adams v. Rowe, 11 Me. 89, 97, 25 Am. Dec. 266; Minnesota, etc., Co. v. St. Paul, etc., Co., 2 Wall. (U. S.) 609, 633, 17 L. Ed. 886; Oglesby v. Attrill (C. C.) 14 Fed. 214, 215.

If a Circuit Court upon a proper application refuses to prescribe the method and direct the service of a scire facias, or if after sufficient service of it the court quashes the service and declines to take jurisdiction and decide the issues it presents, the remedy of the party aggrieved is a writ of mandamus, and not a writ of error. Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; In re Grosmayer, 177 U. S. 48, 20 Sup. Ct. 535, 44 L. Ed. 665; Barber Asphalt Pav. Co. v. Morris, 132 Fed. 945, 953–957, 66 C. C. A. 55, 63–67.

The jurisdiction of this court upon a writ of error is limited to the review of a final decision of the court below. Act March 3, 1891, c. 517, § 6, 26 Stat. 828; Supp. Rev. St. p. 903, § 6 [U. S. Comp. St. 1901, p. 549]. An order, judgment, or decree which leaves the rights of the parties affected by it undetermined and open to further litigation in the same suit is not a final decision. Standley v. Roberts, 8 C. C. A. 305, 308, 59 Fed. 836, 839. The order which quashed the service of the writ of scire facias was not a final decision, because it did not discharge the writ or determine that it could not be legally served or refuse to direct its service, but determined only that the particular service already made was insufficient. If so, the action was still pending, the rights of the parties were undetermined therein, and it was the

duty of the Circuit Court to prescribe a suitable method of service and to direct it to be made, a duty which, if not already performed, will undoubtedly be speedily discharged upon a proper application. L. E. Waterman Co. v. Parker Pen Co., 107 Fed. 141, 142, 46 C. C. A. 203, 204. As the order which quashed the writ was not a final decision, it is not reviewable in this court, and the motion to dismiss the writ must be granted for that reason.

This conclusion renders our consideration of the other grounds of the motion unnecessary, and the writ of error is dismissed.