**HENDERSON v. RICHARDSON CO. et al.**

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2663.

**1. Appeal and error ☞78(2)—Order quashing service of process on ground that person served was not agent of defendant corporation having no regular place of business in district is final and appealable.**

Motion to quash service of process on ground that person served was not an agent of defendant foreign corporation, and that latter did not have a regular, established place of business in district, is final as to such corporation, and hence appealable, as otherwise complainant would be without redress if there were no other person within jurisdiction on whom service could be made.

**2. Appeal and error ☞407(1)—Counsel specially appearing to move to quash service of process must be deemed defendant's agents, on whom citation can be served on appeal from order granting motion.**

Counsel entering special appearance for purpose of moving to quash service of process must be deemed defendant's agents, on whom citation can be served on appeal from order granting motion.

**3. Appeal and error ☞843(2)—Question arising on appeal from order dismissing suit as to some defendants need not be considered on appeal from order quashing service of process on individual defendant as corporate defendants' agent.**

Where one individual defendant was not resident of state, nor served with process, and another, who was citizen of state, was not named as defendant in individual capacity, nor served with process except as agent for corporate defendants, order quashing service as to latter disposed of suit completely and finally, and appellate court need not consider question which would arise on appeal from order dismissing suit as to part only of defendants.

**4. Corporations ☞668(4)—Service on one conducting business in district as agent for defendant foreign corporation is valid (Jud. Code, § 48 [28 USCA § 109]).**

Service of process on one conducting business in district as agent for defendant foreign corporation is valid under Judicial Code, § 48 (28 USCA § 109).

**5. Courts ☞344(10)—Affidavit to quash service on corporate defendant's alleged agent held insufficient as containing mere general denials or conclusions as to their relationship.**

Corporate defendant's affidavit, merely alleging that it had no contract making person served its agent, without presenting or denying existence of contract with him, though admitting knowledge that he had been advertising himself as company's agent, and alleging generally that he was merely a purchaser of its products, without stating facts regarding their dealings, in face of allegation of affidavit in support of service that he was conducting sales agency, selling at agreed price, and remitting proceeds less agreed compensation to company, *held* insufficient as containing mere general denials or conclusions, their relationship being peculiarly within their knowledge.

**6. Courts ☞344(10)—Affidavit to quash return of service of process is insufficient, where not stating facts, but only general conclusions.**

Affidavit in support of motion to quash service of process is insufficient, where not stating facts, but relying on general conclusions, especially where made by party deemed to have full and complete knowledge of facts.

**7. Evidence ☞584(1)—Evidence must be weighed according to proof in power of parties to produce and contradict.**

All evidence is to be weighed according to the proof which it was in the power of one side to produce and in the power of the other to contradict.

**8. Evidence ☞75—Court may conclude that rebuttal proof, not offered by party in position to do so, would sustain other party's case.**

When proof of circumstances tending to support contention of party having general burden of proof is produced, and other party is so situated that he can offer evidence of all facts and circumstances and show that circumstances relied on can be accounted for consistently with his contention, but fails to offer such proof, court is justified in concluding that it would sustain rather than rebut case against him.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Suit by George A. Henderson against the Richardson Company, the Westinghouse Union Battery Company, and others. From an order quashing the service of subpœna on named defendants, complainant appeals. Order set aside as to last-named defendant, and cause remanded, with directions.

Meade T. Spicer, Jr., of Richmond, Va., and George W. Johnson, of Parkersburg, W. Va. (Robert H. Talley, of Richmond, Va., on the brief), for appellant.

J. H. McClintic, of Charleston, W. Va. (Allen & Allen, of Cincinnati, Ohio, and Campbell & McClintic, of Charleston, W. Va., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges, and WEBB, District Judge.

PARKER, Circuit Judge. This is an appeal by complainant from an order quashing the service of subpœna upon two of the defendants. The suit was instituted by complainant Henderson, a resident of West Virginia, to enjoin defendants from infringing a patent owned by him and for an accounting by defendants of the profits realized by them from the infringement of the patent. The defendants named in the bill were the Richardson

Company, a corporation of Ohio, the Westinghouse Union. Battery Company, a corporation of Pennsylvania, James C. Woodley, a citizen of Illinois, and Thaddeus R. Iron, a citizen of West Virginia as agent of the Richardson Company and the Westinghouse Union Battery Company. The bill alleged that the defendants had committed acts of infringement and had a regular and established place of business in Charleston in the Southern district of West Virginia, and that Iron was agent of the corporate defendants and was conducting such business for them. The marshal made return on the subpœna that he had served same upon the Richardson Company and the Westinghouse Union Battery Company by delivering copy thereof to Iron, "then and there alleged to be the agent for each of the above-named parties, as charged in the bill."

The defendant Woodley was not served and no service was made upon Iron as an individual but merely as agent of the corporate defendants. These defendants, entering a special appearance for the purpose, moved to quash the service upon Iron as agent for them, and this motion was allowed by the District Judge, and an order entered quashing the return of service. From this order complainant has appealed. In the argument before us his counsel properly admitted that there was no sufficient showing that Iron was agent for the Richardson Company and that the service was properly quashed as to that corporation. We shall consider the case, therefore, only as it affects the Westinghouse Union Battery Company.

[1] That company has made a motion to dismiss the appeal on two grounds: (1) That the order appealed from is not appealable; and (2) that the company has not been properly served with citation. We think, however, that this motion is entirely without merit. The argument advanced as to the first ground is that an order quashing the service of process is not a final order, and hence is not appealable, because such order does not terminate the suit, but leaves it upon the docket for further proceedings, and because, notwithstanding such order, complainant may sue out alias process and have it served. This is unquestionably correct in ordinary cases. 3 C. J. 479; L. E. Waterman v. Parker Pen Co. (C. C. A. 3d) 107 F. 141; Collin County Nat. Bank v. Hughes (C. C. A. 8th) 152 F. 414; Frances Inv. Co. v. Thomason (C. C. A. 9th) 11 F.(2d) 229. But here the motion to quash the service was made on the ground that Iron was not an agent of the defendant and that defendant did not have

a regular and established place of business in the city of Charleston "or in the Southern district of West Virginia." If this allegation be correct, and defendant will not be heard to deny it, the order quashing the service finally disposed of the case, so far as it was concerned. This being true, we think that the order was appealable; as otherwise a complainant who has had process served upon the agent of a foreign corporation would be absolutely without redress in case such service should be quashed by the District Court, if there were no other person within the jurisdiction upon whom service could be made. State to use of Bickel v. Pennsylvania Steel Co. of Philadelphia, 123 Md. 212, 91 A. 136. As said in the case cited:

"There is no one, as disclosed by the record, upon whom process may be served, binding upon the defendant corporation, in the jurisdiction in which this suit is instituted, and, therefore, the order sustaining the motion to quash the return is so far final as to prevent the further prosecution of the suit, and thus an appeal will lie from said order to this court."

[2] Nor do we think that there is any merit in the contention that citation has not been served on defendant. It has been served upon counsel who entered a special appearance in its behalf for the purpose of moving to quash the service; and such counsel must be deemed agents of the defendant upon whom citation can be served in an appeal taken to review the order granted on the motion made under their special appearance. See Scruggs v. Memphis & Charleston R. Co., 131 U. S. cciv Appendix, 26 L. Ed. 741; United States v. Curry, 6 How. 106, 111, 12 L. Ed. 363; Martin v. Burford (C. C. A. 9th) 176 F. 554.

[3] In denying the motion to dismiss the appeal, however, we call attention to the fact that defendant Woodley was not a resident of the state and was not served with process, and also that Iron, who was a citizen of the state, was not named as defendant in his individual capacity and no cause of action seems to be stated against him individually, nor was process served upon him except as agent for the corporate defendants. The order quashing the service as to the corporate defendants, therefore, disposed of the suit completely and finally, and did not leave it pending in the court below as to any of the defendants. This being the case, we need not consider the question which would arise upon an appeal from an order dismissing a suit as to a part only of the defendants, as in Hohorst v. Hamburg-American Packet Co., 148

U. S. 262, 13 S. Ct. 590, 37 L. Ed. 443, and Oneida Navigation Corporation v. Job & Co., 252 U. S. 521, 40 S. Ct. 357, 64 L. Ed. 697.

[4] We come, then, to the question presented by the appeal; i. e., the correctness of the order quashing the return of the marshal which showed service of process upon the Westinghouse Union Battery Company. The validity of the service, challenged by the motion to quash, depends upon whether Iron was at the time of the alleged service agent for the battery company. He was admittedly making sales of articles which were alleged to constitute an infringement of the patents owned by complainant. He was admittedly in charge of a regular and established place of business in the Southern district of West Virginia in which such articles were sold. The question then is whether he was conducting the business solely in his own behalf or as agent for the battery company. If the latter was the case, the service was valid. Judicial Code, § 48, USCA tit. 28, § 109.

[5] The motion to quash was heard upon affidavits; the verified bill being treated as an affidavit for the purpose of the hearing. In support of the service, it was alleged that Iron was agent of the battery company; that he sold its products at an agreed price, remitting the proceeds of sales to it less a part of the price retained under agreement for the service rendered; that the place of business was conducted as a sales agency of the battery company, the corporate name of the battery company being there displayed; and that from the place of business advertising matter was sent out for the battery company over the state of West Virginia, and products alleged to constitute an infringement of the patents of complainant were stored and sold. The bill and affidavits filed by complainant, having been drawn apparently without the aid of counsel, are much involved and confused; but we think that they may fairly be said to set forth in substance the matters above stated.

The only affidavit filed by the battery company did not meet these allegations except by general denials. It denied that the company had a regular and established place of business at Charleston, and averred that Iron was not the agent of the battery company, but merely a purchaser of batteries and supplies from the company. It then proceeded as follows:

"Affiant says that it has no contract with said Iron, either in his own name or in any other name, whereby said Iron is made the agent of the Westinghouse Union Battery Company. Affiant says that it is the practice of storage battery concerns, giving electrical service, to handle the product of some one company, such as said Iron, in this instance, handles the product of the Westinghouse Union Battery Company, and that such concerns, as does Iron, in this instance, will advertise the name of the company from whom they purchase their products, and call themselves the agency for such company, as no doubt said Iron calls himself agent for Westinghouse batteries. Affiant says that such 'agencies,' as in the case of said Iron, are merely purchasers of the product of such battery companies, as in this case said Iron purchases from the Westinghouse Union Battery Company, and are financially and contractually entirely independent and without authority to bind the battery companies, as in this case said Iron is financially and contractually entirely independent of the Westinghouse Union Battery Company. Affiant further says that products sold by the Westinghouse Union Battery Company to said Iron are sold from the offices of said company in the state of Pennsylvania, and that sales to him are consummated in said state, and not in the state of West Virginia."

[6] It will thus be seen that the battery company, while admitting knowledge that Iron had been advertising himself as an agent of the company and displaying its name over his place of business, did not see fit to lay before the court the contract which existed between him and the company or to deny that there was such contract, but contented itself with alleging that it has no contract "whereby he is made its agent," thereby passing upon the effect of its contract, if it has one, instead of presenting it to the court for construction. Furthermore, in the face of the allegation that Iron was conducting a sales agency, selling at an agreed price and remitting proceeds of sales less agreed compensation, the battery company contents itself with a general allegation that he is merely a purchaser of its products, instead of setting forth circumstantially the facts regarding the dealings between them. This will not do. The relationship existing between the battery company and Iron was a matter peculiarly within their knowledge; and, when a direct circumstantial charge was made under oath that the relationship was one of agency, such charge was not met by general denials or by averments of general conclusions. Rule 30 of the Federal Equity Rules prescribes that the answer of the defendant shall avoid general denials and shall specifically admit, deny, or explain the facts upon which the plaintiff relies. Athough, of course, this rule itself is

not applicable to the affidavits presented on a motion to quash the return as to the service of process, the principle embodied in the rule is applicable; and an answering affidavit ought not be held sufficient, where it fails to state the facts and relies upon general conclusions, especially where, as here, it is made by a party who must be deemed to have full and complete knowledge of the facts.

[7] The fact that Iron, with the knowledge of the battery company, held himself out as conducting an agency for it, that he displayed its name over his place of business, that he sold its product at a price fixed by it, and that he remitted the proceeds of sale less an agreed compensation, were circumstances calling for explanation. Their effect was not met by general denials from the company which had in its possession the facts which would have set all controversy at rest.

"It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted." Blatch v. Archer, Cowper 63, 65; Mammoth Oil Co. v. U. S., 275 U. S. 13, 51, 48 S. Ct. 1, 9 (72 L. Ed. ——).

[8] And we take it that the rule is well settled that, when proof of circumstances is produced tending to support the contention of the party upon whom rests the general burden of proof, and the other party is so situated that he can offer evidence of all the facts and circumstances as they existed, and can show, if such be the truth, that the circumstances relied on can be accounted for consistently with his contention, and such other party fails to offer such proof, the court is justified in concluding that the proof, if offered, instead of rebutting, would sustain the case against him. 22 C. J. 81; Graves v. U. S., 150 U. S. 118; 120, 14 S. Ct. 40, 37 L. Ed. 1021; Runkle v. Burnham, 153 U. S. 216, 225, 14 S. Ct. 837, 38 L. Ed. 694; Commonwealth v. Webster, 5 Cush. (Mass.) 295, 316, 52 Am. Dec. 711; The Emma F. Angell (D. C.) 217 F. 311.

Although in view of the rule established by the above authorities we do not think that the affidavit of the battery company suffi-

ciently met the allegations of the bill and affidavit and the circumstances relied upon by complainant, and we might proceed to hold the service of process good so far as the battery company is concerned, we feel that we ought not do this in view of the very unsatisfactory manner in which the case was presented in the court below. From the record before us, it is impossible to tell what was the real relationship existing between the battery company and Iron; and, before the issue is passed on, we feel that both sides should have an opportunity to present to the court additional evidence as to the relationship.

The order quashing the return of the marshal will therefore be set aside so far as it affects the Westinghouse Union Battery Company, and the cause will be remanded to the District Court to the end that such additional testimony may be heard as the parties may desire to offer, and that the District Judge may then pass upon the question involved in the light of such additional testimony and of the principles laid down in this opinion. If it shall then appear that Iron is in fact a mere purchaser of batteries and supplies from the battery company and not an agent maintaining a place of business for it in West Virginia, he will quash the return of service and dismiss the suit. Rosenbluth v. Hudson Motor Car Co. (D. C.) 265 F. 680; Frink Co. v. Erikson (C. C. A. 1st) 20 F.(2d) 707. If, on the other hand, it shall appear that Iron is acting as agent for the battery company, is maintaining for it a regular and established place of business in Charleston, and is selling therefrom for the battery company articles alleged to infringe the patents of complainant, then the service of process will be sustained and the motion to quash overruled in so far as they affect the battery company. Thomson-Houston Electric Co. v. Bullock Electric Co. (C. C.) 101 F. 587.

During the argument, several matters were called to our attention which would indicate that, if the court should uphold the service, it would be necessary to bring in additional parties; but all of these matters can be passed on by the judge below.

Remanded.