## COLE v. RUSTGARD.

### No. 7155.

Circuit Court of Appeals, Ninth Circuit.

Dec. 18, 1933.

William L. Paul, of Juneau, Alaska, for appellant.

H. L. Faulkner, of Juneau, Alaska, for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal (erroneously termed writ of error, the writ of error having been abolished in 1928, 28 USCA §§ 861a and 861b), from an order of the District Court setting aside and quashing service of summons for the reason that the summons so served was uncertified, certification being required by the laws of the Territory of Alaska. Section 878 of the Compiled Laws of Alaska reads as follows: "The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent, or attorney, or by the clerk of the court. * * *"

The jurisdiction of the Circuit Courts of Appeals extends to review of final decisions of the District Courts (28 USCA § 225), except as to certain interlocutory orders or decrees provided in 28 USCA § 227, and in cases where direct appeal lies to the Supreme Court of the United States. With these excepted classes we are not here concerned. If the order appealed from is not a final order, and not being within the exceptions to the rule, this court is without jurisdiction to review the order. While the point is not raised by counsel, this court takes judicial cognizance of matters affecting its jurisdiction. Trans-Atlantic Trust Co. v. Pagenstecher, 53 App. D. C. 42, 287 F. 1019, 1020.

A case may not be brought up in fragments, but the decision appealed from must be final and complete, as to the subject-matter and as to the parties. Collins v. Miller, 252 U. S. 364, 370, 40 S. Ct. 347, 64 L. Ed. 616; Arnold v. U. S. for Use of W. B. Guimarin & Co., 263 U. S. 427, 434, 44 S. Ct. 144, 68 L. Ed. 371. See O'Brien's Man. Fed. App. Proc. (2d Ed.) p. 60. The test of finality of a decision other than in the excepted cases is whether an affirmance by the appellate court will end the suit and leave nothing for the lower court to do but execute the decree. Baxter v. Bevil Phillips & Co. et al. (D. C.) 219 F. 309, 311. A judgment or decree which leaves the rights of the parties affected by it undetermined and open to further litigation is not a final decision. Loflin et al. v. Ayres et al. (C. C. A.) 164 F. 841.

The order appealed from in the instant case does not meet the test. Such an order is not appealable because it does not terminate the suit; the complainant may sue out an alias process and have it served. Henderson v. Richardson Co. et al. (C. C. A.) 25 F.(2d) 225; L. E. Waterman Co. v. Parker Pen Co. (C. C. A.) 107 F. 141; Collin County National Bank, etc., v. Hughes (C. C. A.) 152

F. 414, 416; Frances Inv. Co. v. Thomason (C. C. A.) 11 F.(2d) 229.

As this court is without jurisdiction in the matter, the appeal must be dismissed.