**In re MELEKOV.**

**No. 9551.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 14, 1940.

Goodspeed, McGuire, Harris & Pfaff, of Los Angeles, Cal., for petitioner.

David II. Cannon, of Los Angeles, Cal., amici curiæ.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, Leon Melekov, a citizen of California, brought a civil action in the District Court of the United States for the Southern District of California against twelve defendants, all of whom were citizens of Oklahoma. Summons was issued, but was not and could not be served in the Southern District of California, for none of the defendants resided in that district, and none of them was found there. Service was made, however, on eleven of the defendants in the Western District of Oklahoma and on one (Edgar S. Vaught) in the Northern District of California.

Appearing specially, each defendant moved the court to quash and set aside the service of summons on the ground that such service was not made in the Southern District of California and was therefore void. All the motions were granted, six being granted on September 27, 1938, five on October 17, 1938, and one—that of defendant Vaught—on November 9, 1939. Melekov v. Collins, D.C., 30 F.Supp. 159. Thereafter, on June 18, 1940, petitioner filed in this court a petition for a writ of mandamus commanding District Judge Paul J. McCormick (by whom said orders were made) to vacate his order of November 9, 1939.

By § 262 of the Judicial Code, 28 U.S.C.A. § 377, the Circuit Courts of Appeals are empowered "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." One of the writs which Circuit Courts of Appeals are thus empowered to issue is the writ of mandamus. McClellan v. Carland, 217 U.S. 268, 279, 30 S.Ct. 501, 54 L.Ed. 762; Pacific Tel. & Tel. Co. v. Cushman, 9 Cir., 292 F. 930, 932. But, by the terms of the statute, the writ may be issued only when it is (1) necessary for the exercise of the court's jurisdiction and (2) agreeable to the usages and principles of law.

To issue a writ of mandamus commanding Judge McCormick to vacate his order of November 9, 1939, would not be agreeable to the usages and principles of law. For that order was in effect a final judgment, and was appealable. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113; Rosenberg

Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; E. I. Du Pont De Nemours & Co. v. Byrnes, 2 Cir., 101 F.2d 14; Henderson v. Richardson Co., 4 Cir., 25 F.2d 225; Judicial Code, § 128(a), 28 U.S.C.A. § 225(a). Hence, to issue the writ here sought by petitioner would transgress a familiar and long established principle of law—that mandamus cannot be used to perform the office of an appeal or writ of error. Ex parte Des Moines & Minneapolis R. R. Co., 103 U.S. 794, 796, 26 L.Ed. 461; Ex parte Baltimore & Ohio R. Co., 108 U.S. 566, 2 S.Ct. 876, 27 L.Ed. 812; In re Morrison, 147 U.S. 14, 26, 13 S.Ct. 246, 37 L.Ed. 60; Ex parte Tiffany, 252 U.S. 32, 37, 40 S.Ct. 239, 64 L.Ed. 443; Lapique v. District Court, 9 Cir., 8 F.2d 869; Standard Pipe & Supply Co. v. California Northern Corp., 9 Cir., 73 F.2d 102.

We of course, do not hold that every order quashing service of process is a final judgment. Many such orders are interlocutory merely, and not appealable; as, for example, where service of process is quashed because of a defect in the form of such process [1] or in the manner of serving it,[2] or where a court quashes service of process on one of several defendants and declines jurisdiction as to him, while retaining jurisdiction as to the others.[3] Here, service of process was quashed, not because of any defect in the form of such process or in the manner of serving it, but because no service had been or could be made in the Southern District of California, and because, in the opinion of the court, no valid service could be made elsewhere. Melekov v. Collins, supra. Thus the court declined jurisdiction, not as to one defendant only, but as to all the defendants and, in effect, dismissed the action. That there was no formal judgment of dismissal is immaterial. Rosenberg Bros. & Co. v. Curtis Brown Co., supra.

Petitioner cites Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853, and In re Grossmayer, 177 U.S. 48, 20 S.Ct. 535, 44 L.Ed. 665. The Grossmayer case is not in point, for it dealt, not with an order quashing service of process, but with an order denying a motion for judgment by default—

an order which obviously was not appealable. In the Schollenberger case, the Supreme Court appears to have assumed, though the point is not discussed, that the orders there involved were not appealable. Whether the assumption was warranted or not we need not inquire. For whatever may have been assumed or decided in the Schollenberger case, later decisions (heretofore cited) make it clear that the order here involved was appealable, and that, therefore, if the order was wrong, appeal, not mandamus, was the proper remedy.

Petition denied.

---

[1] Cole v. Rustgard, 9 Cir., 68 F.2d 316.

[2] L. E. Waterman Co. v. Parker Pen Co., 3 Cir., 107 F. 141, 143; Collin County National Bank v. Hughes, 8 Cir., 152 F. 414, 416.

[3] Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; In re Hohorst, 150 U.S. 653, 663, 14 S.Ct. 221, 37 L.Ed. 1211. See, however, Henderson v. Richardson Co., supra.