**CALIFORNIA BREWING COMPANY,**
**a corporation, Plaintiff,**

v.

**RED STAR YEAST AND PRODUCTS COMPANY, a corporation, Frank Stayner, Ray Stayner and Clarke Coleman, Defendants.**

**No. 34982.**

United States District Court
N. D. California, S. D.
May 29, 1956.

Eisner & Titchell, San Francisco, Cal., for plaintiff.

Paul S. Marrin, Edward J. Ruff, Max Thelen, Jr., Thelen, Marrin, Johnson &

Bridges, San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

Plaintiff brought suit in this Court against four defendants, alleging that the defendants conspired to violate and did violate the federal antitrust laws. The first named defendant, a corporation, was served with process within the State of California and is properly before this Court. The other three defendants, who are individuals, were served with process outside the State of California. The motion of these three defendants to quash service of summons upon them was granted, because there were no circumstances present that would make extraterritorial service of process effective. The three individual defendants now move to have the complaint dismissed as to them. Plaintiff resists this motion, claiming that the Court has discretion to permit such defendants to be retained as named parties until the time of trial, and that this Court ought to so exercise its discretion in order to give the plaintiff an opportunity to serve those defendants if they are found within the State of California.

Upon examination of the authorities cited in support of the defendants' contention that they are entitled to a dismissal in this situation as a matter of right, this Court has concluded that the precise point here involved has not previously been passed upon. Statements can be found in various cases which, standing alone, would support defendants' contention; but the issue which this Court must decide was not present in those cases.

In Thomas v. Furness (Pacific), Limited, 9 Cir., 171 F.2d 434, certiorari denied 337 U.S. 960, 69 S.Ct. 1522, 93 L.Ed. 1759, the Court of Appeals held that the District Court properly granted motions by a corporate defendant to quash service of summons and to dismiss the action, but the opinion does not indicate that the District Court would have been compelled to dismiss if it had chosen not to do so; furthermore, the defendant as to whom service was quashed was the last remaining defendant, and that action of the court left no parties defendant before it.

In Sunbeam Corp. v. Payless Drug Stores, D.C.N.D.Cal., 113 F.Supp. 31, 46, this Court cited the Furness case, saying:

"Where undisputed evidence shows that the person upon whom process was served is not the agent of the defendant and is not authorized to receive service of process issued against such defendant, the motion to quash service and to dismiss the defendant from the action should be granted."

The question of whether a court can, in its discretion, deny a motion to dismiss in that situation was not an issue in the Sunbeam case, and thus could not have been decided there.

Drown v. United States Pharmacopoeial Convention, 9 Cir., 198 F.2d 470, is a brief per curiam opinion to the effect that a particular order was not appealable; it is of no assistance here, especially since the action taken by the District Court is not clearly set forth.

Defendants cite In re Melekov, 9 Cir., 114 F.2d 727, for the proposition that an order quashing service because of lack of jurisdiction, is in effect a dismissal as to those defendants even though no formal judgment is entered. What the Court of Appeals said on this point is found in 114 F.2d at page 728:

"Thus the court declined jurisdiction, not as to one defendant only, but as to all the defendants and, in effect, dismissed the action."

It is apparent that the absence of any party defendant after the District Court granted the motions to quash in the Melekov case accounted for the holding of the Court of Appeals that the action thus taken amounted in effect to a dismissal of the suit. The inference to be

drawn from the quoted statement of the Court of Appeals is that where, as here, a party defendant remains before the court even after granting a motion to quash service as to some defendants, the effect of the court's action is not a dismissal.

The cases cited by the defendants from other circuits are not binding on this Court, and none of them deal directly with the question of whether a District Court can, in its discretion, deny a motion to dismiss in the situation presented here.

█ If plaintiff had simply brought suit against all four defendants, and had not attempted service on the individual defendants outside the territorial jurisdiction of the Court, plaintiff could have retained the individual defendants as named parties to the action until the time of trial. Defendants argue that they would be prejudiced in some way by a denial, for the time being, of their motion to be dismissed as parties; but primarily they complain of the inconvenience already suffered by reason of the extraterritorial service of process, and the consequent special appearances to challenge the jurisdiction of the Court over their persons.

█ The complaint states a claim for relief against the individual defendants as well as the corporate defendant, and plaintiff would be entitled to litigate its claim against the individual defendants in this action if service could be made properly under the rules. Since the moving defendants are individuals they could be served with summons personally as provided in Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Therefore effective service of these defendants is still a possibility. To exercise the discretion of the Court so as to eliminate this possibility at this stage of the proceeding might deprive plaintiff of its rightful opportunity to litigate its claim completely in one action. If, at the time of trial, it appears that effective service has not been made against these defendants the Court can again reconsider the question of dismissal.

Since defendants have not cited any clear authority to the contrary, it is the opinion of this Court that defendants are not entitled to a dismissal in the circumstances of this case as a matter of right, and since defendants have not shown that they will be appreciably disadvantaged in the future by their retention, for the time being, as named parties to the action, their motion to dismiss will be denied without prejudice to their right to renew their motion at the time of trial.

It is ordered that the motion of defendants Frank Stayner, Ray Stayner and Clarke Coleman to dismiss the complaint be, and the same is hereby denied without prejudice.