### 7061

#### JACKSON v. SOUTHERN COTTON OIL CO.

1. AMENDING A COMPLAINT during trial, alleging that plaintiff fell through a hole in the floor into a conveyor box extending under the floor so as to allege the plaintiff fell into a hole in a conveyor box extending over the floor, is not such material change as would entitle defendant to have case withdrawn from jury and it given time to answer the amended complaint.

2. NEW TRIAL.—Trial Judge has no power to grant new trial *nisi* for excessive damages on condition that defendant pay reduced amount in thirty days.

Before PRINCE, J., Richland, May, 1907. Modified.

Action by Joseph Jackson, guardian, against Southern Cotton Oil Company. From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood, J. S. Muller* and *Simeon Hyde,* for appellant.

*Mr. Hyde* cites: *The amendment to the complaint changed substantially the claim of the plaintiff and case should have been withdrawn from jury:* 51 S. C., 412; 55

S. C.; 90; 13 S. C., 397, 491; 16 S. C., 231; 24 S. C., 430; 39 S. C., 216. *Order granting new trial nisi upon conditions is void:* Code 1902, 2734; 4 Rich., 2; 12 S. C., 46; 12 Rich., 138; 8 Rich., 287; 5 Rich., 295; 2 Rich., 507; Harp., 83; 12 Pick., 199; 4 T. R., 659; 3 Mason, 102; 97 Mass., 208; 57 S. C., 395; 61 S. C., 251.

*Mr. Frank G. Tompkins,* contra, cites: *Judge properly offered defendant to amend its answer if it desired:* 4 Strob., 61; 21 S. C., 327; *Booth* v. *Langley,* 51 S. C.,; 55 S. C., 90; 68 S. C., 403; 24 S. C., 430. *Discretion of trial Judge in granting new trials nisi may be extended to imposing conditions:* 4 Rich., 1; 76 Pac., 11; 206 Pa., 479; 54 Pac., 988; 64 Pac., 397; 75 N. W., 545; 52 Ala., 489; 104 Cal., 501; 4 Ala., 317; 99 N. W., 630.

November 17, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal relates to an order allowing an amendment to the complaint while the trial was in progress, and to conditions imposed in an order for a new trial *nisi.* The plaintiff recovered a verdict for fifteen hundred dollars for personal injuries. The negligence of the defendant, to which the plaintiff, a laborer in defendant's employment, ascribed his injuries was thus set out in the original complaint: "That the plaintiff's duties as such laborer required him to go to and from about the said mill, and at the times hereinafter mentioned, to wit: on the 18th day of December, 1905, while going through the said mill, the plaintiff fell into a hole in *the floor* in such a way as to get his left foot caught in a conveyor, a piece of machinery for transferring cotton seed, which extended *under said floor,* and suffered his said foot to be seriously bruised, etc. * * * That the defendant company, not regarding their duty to the plaintiff, conducted themselves so carelessly, negligently and unskillfully in this behalf, (1) in that they

provided an unsafe place for the plaintiff to work without adequate guards or protection, and with the covering of said conveyor left open and unprotected in such a manner that the same was unsafe and dangerous; (2) that the defendant negligently failed to employ a sufficient number of men and continuously while the machinery was in motion to have some one at the uncovered place in the floor to warn and prevent the plaintiff and others from falling therein; and· by reason thereof the plaintiff suffered the said injury to his foot."

Upon the conclusion of plaintiff's testimony, the Circuit Court allowed the plaintiff to amend the fourth paragraph by striking out "the floor" and "under," and inserting in place thereof the words "a conveyor box" for "the floor," and "over" for "under." The defendant opposed the amendment, and, after it was made, moved that the cause be withdrawn from the jury and time allowed to answer the complaint, as amended. The Circuit Judge refused the motion; holding that the amendment did not materially change the claim or cause of action. There is no substantial foundation for the appeal on this ground. The essential charge of negligence was leaving the conveyor so unprotected that the plaintiff, in walking over the floor, had his foot caught and injured. Whether the conveyor extended under or over the floor was a matter of detail, and changing the allegation in respect to such a detail did not substantially change the plaintiff's claim. Code of Civil Procedure, secs. 191 and 194. The case of *Booth* v. *Langley*, 51 S. C., 412, 29 S. E., 204, is conclusive.

A motion for a new trial was made; one of the grounds being that the verdict of fifteen hundred dollars was excessive. The Circuit Judge held all the grounds insufficient, except the excessiveness of the verdict. In sustaining this ground, an order of new trial *nisi* was made, imposing the condition that defendant should pay to the clerk of the Court for the plaintiff, who was a minor, the sum of one thousand dollars within thirty days

from the date of the order. The order is the same in substance as that which has just been considered in *Hall* v. *N. W. R. R. Co., ante,* 522, and this case is controlled by the conclusion there reached.

The judgment of this Court is, that under the order of the Circuirt Court the defendant is entitled to a new trial, unless the plaintiff shall within thirty days from the filing of the remittitur in the Court of Common Pleas for Richland county remit by due entry on the record the sum of five hundred dollars. Upon such entry being so made, it is adjudged that the judgment of the Circuit Court be affirmed.