[Nos. 8725, 8679.  Department Two.  May 5, 1910.]

MARIE WILSON, *Appellant*, v. CATHERINE McGILLIVRAY,
*Respondent.*

THE STATE OF WASHINGTON, *on the Relation of Marie
Wilson, Plaintiff*, v. THE SUPERIOR COURT FOR KING
COUNTY, *R. B. Albertson, Judge, Respondent.*[1]

APPEAL—DECISIONS REVIEWABLE—VACATION OF DEFAULT—FINAL-
ITY. An order quashing the service of summons and vacating a
default judgment, leaving the case pending for further proceedings,
is not appealable, as it can be reviewed on appeal from the final
judgment.

SAME—FINALITY OF ORDER. Where the record shows that defend-
ant is out of the state and cannot be served, an order quashing
service of summons and opening a default does not in effect deter-
mine the action and prevent final judgment, where it does not ap-
pear that substituted service by publication and attachment could
have been had; since finality of the order must appear on the face
of the record.

CERTIORARI—WHEN LIES—ORDERS REVIEWABLE ON APPEAL. A writ
of certiorari does not lie to review an order that is not appealable
because reviewable upon appeal from the final judgment.

Appeal from an order of the superior court for King
county, Albertson, J., entered December 15, 1909, vacating
a judgment and quashing the service of summons, after a
hearing before the court. Dismissed.

*Brady & Rummens, Peters & Carr*, and *McMartin &
Dricken*, for appellant.

*James F. McElroy*, for respondent.

MOUNT, J.—This appeal is from an order vacating a judg-
ment and quashing the service of summons. It appears that
the appellant brought an action against the respondent and
obtained service by leaving a copy of the summons with an

[1]Reported in 108 Pac. 620.

employee of an apartment house in Seattle where the respondent once occupied an apartment. Thereafter, on November 11, 1909, the complaint and return of service were filed, and an order of default was entered against the respondent. On the same day a judgment was entered in favor of the plaintiff for $20,000. Thereafter, on November 29, 1909, the respondent appeared specially and moved the court to quash the service of the summons and to vacate the judgment, upon the ground that no service of the summons had been made. This motion was granted and the court, on December 15, 1909, made an order vacating the judgment and quashing the service of the summons. The action was not dismissed. The plaintiff appeals from that order, and the respondent moves the court to dismiss the appeal.

This motion must be sustained. In *Tatum v. Geist*, 40 Wash. 575, 82 Pac. 902, after citing several cases we had theretofore decided upon this point, we said:

"The rule deducible from these decisions is this: If an order vacating a judgment, or quashing a summons or the service thereof, is or may be followed by further proceedings in the cause, and the entry of a final judgment therein, such order may be reviewed on appeal from the final judgment, and is not itself appealable. If, on the contrary, the order vacating the judgment, or quashing the summons or the service thereof, in effect determines the action or proceeding and prevents a final judgment therein, the order itself is a final one, and is therefore appealable."

This case is one which may be followed by further proceedings, for the action was not dismissed but is still pending.

It is suggested by counsel for appellant that the record shows that the respondent is without the state, and that personal service cannot be made. But the record does not show that substituted service by attachment may not be had. Where the action is not dismissed and it does not appear upon the face of the record that the order in effect determines the action and prevents a final judgment therein, we cannot look outside the record for facts which might show that the

action is finally determined by the quashing of the summons. Finality of the order must appear upon the face of the record as it did in the cases cited in *Tatum v. Geist*, before the order may be held final and, therefore, appealable.

Application is also made for a writ of review in case the appeal is dismissed. But because the order is not a final one and may be reviewed upon final judgment, this application must also be denied.

RUDKIN, C. J., CROW, DUNBAR, and CHADWICK, JJ., concur.