[No. 10509. Department One. December 20, 1912.]

J. H. GREEN, *Respondent*, v. H. B. RUSSELL *et al.*, *Appellants.*[1]

COURTS—REVIEW OF ORDERS—VACATION OF JUDGMENT—NEW TRIAL —SECOND APPLICATION. After an alternative order refusing to vacate a judgment and grant a new trial unless costs are paid has become final and effective by defendants' failure to pay the costs within the time fixed, the trial court is without jurisdiction to entertain a second motion to vacate the judgment.

[1]Reported in 128 Pac. 645.

NEW TRIAL—SECOND APPLICATION—MOTION TO EXTEND TIME. Where an order for a new trial is made conditional upon payment of costs within a limited time, a motion to extend the time made after default is too late, as it would be in effect granting permission to interpose a second motion for a new trial.

JUDGMENT—VACATION—GROUNDS. A motion to vacate a judgment, entered on the nonappearance of the defendant and his counsel at the trial, is properly denied, where it appears that both defendant and his attorney were neglectful, the defendant going east for several weeks without making inquiry about the case or keeping in touch with his attorney so that he did not get notice of the time set and the attorney's withdrawal from the case until after the trial.

Appeal from an order of the superior court for Okanogan county, Pendergast, J., entered January 25, 1912, refusing to vacate a judgment and grant a new trial. Affirmed.

*Neal & Neal,* for appellants.

*P. D. Smith* and *W. C. Gresham,* for respondent.

CROW, J.—This action was commenced by J. H. Green against H. B. Russell and Agnes Cole, to recover for labor performed by himself and assigns at the defendants' special instance and request. Until the completion of the issues and the setting of the case for trial, the defendants were represented by G. V. Alexander, as their attorney. On September 5, 1911, the cause was set to be tried on November 1, 1911. When it was called on the latter date, the plaintiff and his witnesses appeared, but no appearance was made by the defendants or their attorney. A trial was then had, and judgment was entered in plaintiff's favor. On November 4, 1911, the defendant Agnes Cole moved the court to vacate the judgment and for a new trial. On the showing then made, the trial judge, on November 13, 1911, made the following order:

"Ordered that said motion be and the same is hereby granted on the following conditions, to wit: That the said defendant Agnes Cole pay to the clerk of this court, for the plaintiff J. H. Green, within twenty days from this the 13th day of November, 1911, plaintiff's costs in this matter as fol-

lows, to wit: Thirty and no-100 ($30.00) dollars, as witness fees; and six and 20-100 ($6.20) dollars, as costs for serving said subpoenas on said witnesses, and ten and no-100 ($10.00) dollars as attorney's fees and five and no-100 ($5.00) dollars to said plaintiff J. H. Green. It is further ordered that unless the above payment is made as aforesaid, and within the time aforesaid, that this order shall be of no effect, and that the said defendant Agnes Cole will be refused a new trial and that the said judgment ordered in this cause shall remain intact the same as if this order had not been made."

The defendant Cole did not pay the costs within the twenty days. On December 14, 1911, execution was issued, under which personal property of both defendants was seized and advertised for sale. On December 26, 1911, both defendants moved the court to vacate the judgment, to grant a new trial, and to enjoin the sheriff's sale. This was the second motion made by the defendant Agnes Cole, who, on December 28, 1911, paid to the clerk of the superior court the costs above mentioned. The motion of both defendants to vacate the judgment, for a new trial, and for an injunction, was denied on January 23, 1912. Thereafter on January 25, 1912, the defendant Agnes Cole orally made the following motion which was afterwards reduced to writing:

"Defendant Agnes Cole now moves the court for an order extending the time within which she may comply with the terms and conditions of the order made on November 13th herein, granting her a new trial, and that such order shall relate back to the date when the twenty days mentioned in said order expired, upon the grounds and for the reasons that she was unable to comply with the terms of said order until the 18th day of December, 1911; that she did on the 28th day of December, 1911, cause said money to be paid in to the clerk of this court where the same has ever since remained and now is; that she used her best efforts and endeavors to comply with said order, and acted in good faith in every respect in connection therewith. This motion will be heard upon the affidavits and files and records of this court and the docket and records of the clerk in connection with said cause,

and upon all the affidavits filed herein in support of her motion made on the 6th day of November, 1911, for a new trial herein, and upon the affidavits filed herein in support of her motion made on the 26th day of December, 1911."

This motion was also denied. The defendants thereupon appealed from the order of January 23, 1912, refusing to vacate the judgment and refusing a new trial, and from the order denying an extension of time to defendant Agnes Cole, for the payment of costs.

The order of the trial court made and entered on November 13, 1911, which awarded a new trial to the appellant Agnes Cole on payment of costs within twenty days, was an alternative order which amounted to a denial of a new trial in the event that the costs should not be paid within the period named. Upon her subsequent default, the order at once became final and effective as a refusal to vacate the judgment as against her, or grant her a new trial. This being true, the trial court, as far as the appellant Agnes Cole was concerned, was without jurisdiction to entertain another and later motion to vacate the judgment and grant a new trial. *Pierce County v. Bunch*, 49 Wash. 599, 96 Pac. 164; *Boylan v. Bock*, 60 Wash. 423, 111 Pac. 454.

Appellant Agnes Cole, however, contends that she was unable to pay the costs within the twenty days allowed. The time to have complained of the twenty-day period as too brief was when the order was made. This she did not do. Nor did she then appeal. In *Holtum v. Greif*, 144 Cal. 521, 78 Pac. 11, the court said:

"The power of the court to make an order for a new trial conditional upon payment of costs by the moving party is unquestioned, and a failure to perform the condition converts the order into a denial of the motion. (*Garoutte v. Haley*, 104 Cal. 497; *Brown v. Cline*, 109 Cal. 156). The condition is therefore an essential part of the order, and the right to revoke it ceases when the power of the court over the order ceases. When the power of the court to set aside the order as to the award of a new trial is at an end, its power to elim-

inate one of the substantial terms of the order must, for the same reasons, be held to have ended.   The question, then, is as to the power of the trial court to vacate an order granting or denying a new trial after it has once been regularly made and entered.   The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute."

The motion of Agnes Cole for an order extending the time within which to pay the costs after she had defaulted was properly denied, as the substantial effect of such an order would have been the granting of permission to interpose a second motion for a new trial.

As to appellant Russell, we are unable to conclude that the trial court erred in denying his motion.   We have examined his showing, and conclude that it does not present a sufficient excuse for his failure to appear.   His attorney attempted to advise him by letter of the date of setting, but appellant Russell insists that for some reason the letter did not reach him prior to the trial.   It does not appear that the attorney, who received no answer or acknowledgment from appellant, made any further effort to reach him, or that appellant himself took any active interest in the progress of his cause.   They both seem to have been neglectful.   Appellant's own affidavit shows that he went east on business for several weeks without making any previous inquiry as to when the cause would be heard, and that he visited different places without making any effort to keep in touch with his counsel, who in fact had withdrawn from the case and had, without success, attempted to notify him by letter of such withdrawal.   No charge of negligence can be suggested against appellant's present counsel.

The trial judge did not abuse his discretion, nor did he commit prejudicial error in refusing a new trial.

The judgment is affirmed.

Mount, C. J., Parker, Chadwick, and Gose, JJ., concur.