## FRANCES INV. CO. v. THOMASON.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926.)

No. 4694.

1. Equity ⬅124—Plaintiff by application to file amended return on subpœna in equity, conceded that all previous returns were false, and therefore could not claim previous returns imported absolute verity.

Where, on defendant's motion to quash service of subpœna, plaintiff made application to file an amended return held, that by such application plaintiff conceded all previous returns to be false, and could not claim that they imported absolute verity on their face.

2. Appeal and error ⬅1024(3)—Equity ⬅124—On application to file amended return to subpœna in equity, court must determine whether service was made, and its conclusion is not reviewable.

Where application to file amended return to subpœna showed on its face that no service was made as disclosed by the returns on file, it then became duty of court to determine, as a fact, if any service was made, and court's conclusion, supported by ample and competent testimony, was not subject to review.

3. Equity ⬅125—On defendant's motion to quash service of subpœna, mode of trial is discretionary with court, and its ruling is not reviewable.

On appellee's motion to quash service of subpœna, appellant was not entitled as a matter of right to have hearing in open court, with the right and privilege of cross-examining witnesses, for mode of trial in such cases is addressed to sound discretion of court, and its ruling is not subject to review.

4. Equity ⬅125—Appellee's special appearance on motion to quash service of subpœna held not waived by resistance to appellant's application for leave to file amended return.

Where appellee made special appearance for purpose of moving to quash service of subpœna, such special appearance was not waived by appellee's resisting appellant's application to file an amended return to subpœna in question, for application was made in opposition to motion to quash, and special appearance extended to entire matter.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit by the Frances Investment Company against Jasper Thomason. Decree for plaintiff. From an order of the court quashing service of subpœna and vacating decree, plaintiff appeals. Order affirmed.

William Story, Jr., of Salt Lake City, Utah, and Joseph L. Lewinson, and Laurence W. Beilenson, both of Los Angeles, Cal., for appellant.

Wm. T. Kendrick, Gurney E. Newlin, and A. W. Ashburn, all of Los Angeles, Cal., appearing specially, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order quashing the service of a subpœna in equity, and vacating a decree in favor of the appellant and against the appellee. The subpœna issued upon an amended and supplemental bill, under date of May 9, 1921, and was delivered to the United States marshal for service on the same day. Equity rule 13 provides that service of all subpœnas shall be by delivering a copy there-

of to the defendant personally, or by leaving a copy at the dwelling house or usual place of abode of each defendant, with some adult person who is a member of or resident in the family. Four returns in all were made by the deputy United States marshal on the subpœna in question. In his first return the officer certified that on May 13, 1921, he delivered an attested copy to Jane Doe, whose true name was unknown; she being an adult person and a member of and resident in the family of the appellee. In the second return the officer certified that he delivered the copy to Miss Thomason, an adult person, who is a member or resident in the family of the appellee. The third return does not differ materially from the second, and the officer there again certified that he left a copy with Miss Thomason for the appellee. A decree pro confesso was taken against the appellee on October 12, 1923, and this was followed by a final decree on March 24, 1925.

April 5, 1925, the appellee appeared specially and moved the court to quash the service of subpœna, and to vacate the decree pro confesso and the final decree, upon the ground that Miss Thomason, upon whom service of the subpœna was made, or to whom the copy was delivered, was at the time of service under the age of 18 years, and that no service or attempted service was made upon any other person than the said Miss Thomason, whose true name was Rosamond Mildred Thomason. This motion was supported by affidavits showing that the Miss Thomason in question was at the date of service under the age of 18 years. On May 17, 1925, the appellant applied to the court for leave to file a further amended return on the subpœna by striking therefrom the following: "Miss Thomason, an adult person, who is a member or resident of the family of Jasper Thomason"—and substitute in lieu thereof, "Jane Doe, whose true name is to the undersigned unknown, and who is, and on the 13th day of May was, an adult person and a member of the family and resident in the family of said Jasper Thomason," and by making other immaterial changes.

In support of the motion to amend the return, the affidavit of the deputy United States marshal making the service was filed, and he therein stated that the person with whom he left the copy of the subpœna at the time of service stated that she was a married daughter of the appellee, of the age of 26 years. From other affidavits filed in support of the motion to quash, it appeared that at the time of service the appellee had three married daughters and one unmarried daughter, and that none of the married daughters were then members of or resident in his family. The application for leave to amend the return and the motion to quash the service and vacate the decree were heard together, resulting in the order complained of.

[1, 2] The appellant first contends that, where the return of an officer of the court is complete and self-supporting on its face, and where the defendant at the time of service is within the territorial jurisdiction of the court, as between the parties, the return is conclusive. There is much conflict of authority on this question, but manifestly the rule has no application here. By its application to file the last amended return the appellant conceded that all previous returns were false, and it is now in no position to claim that they imported absolute verity. The application showed on its face that no service was in fact made as disclosed by the returns on file, and this left the whole matter at large. It then became the duty of the court to determine, as a matter of fact, what, if any, service was made, and the conclusion of the court, supported as it is by ample and competent testimony, is not subject to review here.

[3, 4] Nor is there any merit in the claim that the appellant was entitled to a hearing in open court, with the right and privilege of cross-examining witnesses. The mode of trial in such cases is addressed to the discretion of the court, and its ruling is not subject to review. Equally without merit is the claim that the appellee waived his special appearance by resisting the application for leave to file an amended return. This application was manifestly made in opposition to the motion to quash, was so considered by the trial court, and the special appearance extended to the entire matter. In view of the fact that the motion to quash the service and vacate the decree was interposed during the term, and was based on jurisdictional grounds, we are not prepared to say that a showing of diligence or meritorious defense was a necessary prerequisite to the granting of the relief prayed.

We may say, in conclusion, that the jurisdiction of this court to review the order complained of is by no means free from doubt. An order was made during the term, simply quashing the service and vacating the decree. It did not terminate the suit, nor did it prevent a final decree therein. In many jurisdictions, at least, such an order lacks finality, and is not appealable. Nelson v. Meehan, 155 F. 1, 83 C. C. A. 597, 12 L. R. A. (N. S.) 374; Wilson v. McGillivray, 108 P. 620, 58

Wash. 291, and cases cited; 3 C. J. 521. The question of jurisdiction was not raised, however, and the result is the same, whether we affirm the order or dismiss the appeal.

Order affirmed.