IDAHO FARM DEVELOPMENT COMPANY, a Corporation, Appellant, v. CHESTER E. BRACKETT, Administrator of the Estate of IRA BRACKETT, Deceased; SARAH E. BRACKETT, J. F. CLARK, INEZ CLARK et al., Respondents.

[257 Pac. 35.]

NEW TRIAL—MEMORANDUM DECISION—CONSENT TO REMITTITUR—EFFECT—FINAL ORDER—TRIAL—OBJECTION TO TESTIMONY SUSTAINED—EMINENT DOMAIN—INADMISSIBLE TESTIMONY — EVIDENCE — UNQUALIFIED WITNESS.

1. Defendants' acceptance of terms of "memorandum decision" of certain date is not an acceptance of terms of order of same date that they remit a certain amount of damages awarded, otherwise new trial is granted; the decision under C. S., sec. 7194, not being in force or binding till embodied in an order signed by the judge or entered on the minutes.

2. Defendants' notification of willingness to stipulate a judgment with plaintiff for a certain amount is not a consent that judgment be reduced, within order for new trial unless defendants consent to remit.

3. Consent of part of defendants does not satisfy order for new trial, unless the defendants consent to *remittitur.*

4. Where order grants new trial unless defendants consent within thirty days to certain diminution of judgment, it becomes final on expiration of such time without such consent, notwithstanding extension of time after the expiration, where made without any showing or application for relief in furtherance of justice, through mistake, inadvertence, surprise or excusable neglect, under C. S., sec. 6726, as amended by Laws 1921, chap. 235, necessary to set in motion the court's discretion.

5. Sustaining objection to testimony of plaintiff's witnesses relative to conversations had with defendant's intestate was not error; there being no offer of proof as to what the conversations were.

6. Testimony as to value of land sought to be condemned, so far as based on what it is worth to condemnor, is inadmissible.

7. Motion to strike the testimony of witness is properly denied, as too broad, only part of the testimony being objectionable.

8.   Witness is not qualified to testify to value of lands, not being shown to be familiar with them or acquainted with reasonable market value. .

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Condemnation proceeding. ·Judgment for damages in favor of condemnees.   *Reversed and remanded.*

Edwin Snow and Arthur W. Ostrom, for Appellant.

A judgment by stipulation and consent cannot be appealed from.   (*Ocobock v. Nixon,* 6 Ida. 552, 57 Pac. 309; *Erlanger v. Southern Pacific Ry. Co.,* 109 Cal. 395, 42 Pac. 31.)

The rule is well settled that the trial court has no power to require a party against whom an injustice has been committed by excessive verdict of the jury to consent to a lesser judgment and thereby cut off his right of appeal. (*Hall v. Northwestern Ry. Co.,* 81 S. C. 522, 62 S. E. 848; *Jackson v. Southern Cotton Oil Co.,* 81 S. C. 564, 62 S. E. 854; *Nashville, Chattanooga & St. Louis R. R. Co. v. Foster,* 10 Lea (Tenn.), 351; *St. Louis & N. A. R. Co. v. Mathias,* 76 Ark. 184, 113 Am. St. 85, 91 S. W. 763; see note, 39 L. R. A., N. S., 1065.)

"Where defendant was granted a new trial unless plaintiff accepted a reduction of the damages within five days, the order granting a new trial became absolute on plaintiff's failure to comply with the condition within the time fixed." (*Winningham v. Philbrick,* 56 Wash. 38, 105 Pac. 144.)

Publisher's Note.

5.   See 10 R. C. L. 129.
7.   See 26 R. C. L. 1056.
8.   See 11 R. C. L. 638.

See Eminent Domain, 20 C. J., sec. 388, p. 986, n. **73.**
New Trial, 29 Cyc., p. 1025, n. 49, 50, 51 New, 52.
Trial, 38 Cyc., p. 1329, n. 68.

44 Idaho—18

"An order of the district court denying a new trial is final and the judge has no jurisdiction to grant a rehearing and make another order granting the motion." (*Spivey v. District Court,* 37 Ida. 774, 219 Pac. 203.)

"The declaration of a party to the suit concerning the land in question, including offers to sell, may be received when such statements are in the nature of admissions." (Jones on Evidence, sec. 169, and cases cited.)

Walters & Parry, E. M. Wolfe and S. T. Hamilton, for Respondents.

The trial court has the jurisdiction and power to grant an extension of the time fixed in a previous order within which a party may file a *remittitur* of damages. (*Harris v. Speirs,* 55 Utah, 474, 186 Pac. 446.)

Rejection of testimony as to price at which owner of real estate offered to sell it one or two years thereafter is not reversible error where period is one of changing values, and there is no offer to show the amount of change.

"In cases where a court may fix a time limit within which a party to an action may do an act the determination of which is manifestly within the court's discretion, why has it not the inherent power to extend the time limit as first fixed? We confess our entire inability to perceive any reason why it may not do so." (*Harris v. Speirs, supra.*)

VARIAN, Commissioner.—This is an action to condemn certain lands in Twin Falls county for a reservoir site under a Carey Act project. Two parcels of land are involved, one belonging to Ira Brackett and Sarah Brackett, his wife, and the other to Frank Clark and Inez Clark, his wife. Ira Brackett died before the trial, and his administrator was substituted as a party defendant. Counsel stated at the hearing that a settlement had been reached with the Clarks, and there is no issue now as to them. The Brackett land consists of 320 acres, of which 262.1 acres are required by appellant for its reservoir site. This case has been here before (*Idaho Farm Development Co. v.*

*Brackett,* 36 Ida. 748, 213 Pac. 696), and was reversed and remanded for a new trial, which was had in November, 1923. The jury awarded the Bracketts $36,225.25 for their lands, and appellant moved for a new trial. On February 11, 1924, the trial court passed on the motion for a new trial, and by a minute entry on that date ordered:

"That the judgment should be set aside and a new trial granted on the ground of excessive damages awarded by the jury, unless the defendants, by stipulation, consent within thirty days to remit therefrom the following amounts:

"From the award to the lands of Ira Brackett actually taken, $8,955.00.

"From damages awarded to remainder of the Ira Brackett land by reason of land taken, $123.00."

Certain reductions were also made by the court from the award to the Clark lands. The order further stated:

"In case of such remittance, the motion will be denied."

On March 10, 1927, 28 days after the entry of the order passing on the motion for a new trial, attorneys for respondents filed what they denominate "Notification of Willingness to Stipulate," reading as follows:

"Comes now the defendants, Chester Brackett, Administrator of the estate of Ira Brackett, deceased; Sarah E. Brackett, J. F. Clark and Inez Clark, defendants in the above entitled case, and by and through their attorneys, Messrs. Walters & Parry and E. M. Wolfe, Esq., and S. T. Hamilton, Esq., and announce to the court that said named defendants are ready and willing to stipulate with the plaintiff that the judgment heretofore entered in the above entitled cause on the 21st day of November, 1923, may be reduced, and that the defendants, Chester Brackett, administrator of the estate of Ira Brackett, deceased, and Sarah E. Brackett, shall take judgment for the sum of $17,442.00, with interest at seven per cent. per annum on each of said sums from January 1st, 1920, to the date of payment, together with said defendants' costs incurred in said action, or such costs as may be allowed by the court.

"This notification is made and filed by said defendants for the purpose of accepting the terms of the memorandum decision of the above entitled court dated February 11, 1924."

The plaintiff, on March 14, 1924, filed objections to this proposal of defendants upon the following grounds:

"1. That said notification is not in compliance with the condition specified in said memorandum decision.

"(a) Because filed only by some and not all of the defendants.

"(b) It does not amount to consent to the remission of any part of the verdict or judgment.

"2. If the said notification is taken as compliance with the condition specified in said memorandum decision, it has the effect of requiring plaintiff likewise to consent by stipulation to the reduced verdict and judgment standing and cuts off plaintiff's right of appeal."

On the same date, counsel for answering defendants filed a formal consent to the diminution of the damages in the case of each parcel of land, in accordance with the reductions made by the court in his order of February 11, 1924, for the defendants Chester Brackett, administrator, etc., Bert Brackett and Chester Brackett, as to the Brackett land, and for defendants Frank Clark, Inez Clark, Robert Rogerson, ——— Rogerson and John McRae, as to the Clark land.

The court thereupon entered the following order:

"This matter came on to be heard this 14th day of March, 1924, . . . . upon the objections filed by counsel for plaintiff to the notification of willingness to stipulate filed by counsel for certain defendants on the 10th day of March, 1924, and after argument of counsel, it appeared to the court that said defendants had not filed a technical compliance with the order of the court dated February 11th, 1924. Whereupon, counsel for said defendants requested additional time and until today to file further compliance with the order of the court dated February 11, 1924, and the court being fully advised in the premises grants said

defendants such additional time to file a further compliance with said order of February 11, 1924. Whereupon, counsel for the defendants did file a further consent to diminution of judgment, and it was agreed by and between counsel in open court that the objection heretofore filed by the plaintiff to the said notification of willingness to stipulate filed herein on the 10th day of March, 1924, should be taken and considered as now interposed to the consent to diminution of judgment, and the court being fully advised in the premises, denies, and overrules said objection so filed by counsel for plaintiff, and directs and orders that judgment be entered in accordance with the consent of diminution of judgment, and further orders and directs that the motion for new trial filed by plaintiff be denied and overruled.''

A formal order reciting the making of the order of February 11, 1924, the amounts deducted by the court from the judgment, the consent of defendants to the diminution of the judgment, and denying plaintiff's motion for a new trial, was also entered on March 14, 1924. Appellant appeals from the judgment, the order of February 11, 1924, conditionally denying the motion for a new trial, and the order of March 14, 1924, denying the motion for a new trial.

Appellant's principal assignments of error relate to the orders made by the trial judge in passing on the motion for new trial, and the effect of his consent to diminution of the amount of damages fixed by said orders.

The order entered February 11, 1924, literally directs that ''unless the defendants, by stipulation, consent within thirty days to remit, etc.,'' a new trial will be granted. It does not say, ''unless the parties consent,'' or ''unless the plaintiff and defendants consent,'' a new trial will be granted. When we consider that there were at least eight defendants when the cause was tried, it was not unreasonable for the court to require them ''by stipulation'' to ''consent'' to a diminution of the judgment. The ''Notification of Willingness to Stipulate,'' filed by a portion of the defendants, wherein they ''announce to the court that said

named defendants are ready and willing to stipulate with plaintiff that the judgment heretofore entered in the above entitled cause on the 21st day of November, 1923, may be reduced, etc.," adding that "This notification is made and filed by said defendants for the purpose of accepting the terms of the memorandum decision of the above-entitled court dated February 11, 1924," was not an acceptance of the terms imposed by the court in said order.

[1]  The concluding clause probably refers to a memorandum decision not in the record, and which could not have the force and effect of an order because it does not appear to have been a "direction of the judge made or entered in writing and not included in the judgment," as required by C. S., sec. 7194. The decision was not in force or binding until embodied in an order signed by the trial judge, or entered upon the minutes of the court. (*Spivey v. District Court,* 37 Ida. 774, 219 Pac. 203.)  A letter by a trial judge stating his decision on a motion is not an order.  (*Goade v. Gossett,* 35 Ida. 84, 204 Pac. 670.)

[2]  If respondents refer by "memorandum decision" to the order entered on the minutes, it is not so made to appear from the record.  Without the last clause, the notification becomes wholly ineffectual, because a willingness to stipulate a judgment with plaintiff for a certain sum or sums is not equivalent to consenting that the judgment be reduced.  Otherwise, the effect would be to deprive appellant of its right to appeal.  It is admitted by counsel for respondents that a judgment by consent cannot be appealed from.  This rule was laid down in *Ocobock v. Nixon,* 6 Ida. 522, 57 Pac. 309.  It is also admitted that the trial court is without power to require a party against whom an unjust verdict has been rendered to consent to a reduction and thereby lose his right to appeal.  The rule applies to cases in which the injustice consists of excessive damages.  (*Hall v. Northwestern Ry. Co.,* 81 S. C. 522, 62 S. E. 848; *Jackson v. Southern Cotton Oil Co.,* 81 S. C. 564, 62 S. E. 854; *Nashville, Chattanooga & St. Louis Ry. v. Foster,* 10 Lea (Tenn.), 351.)

[3] Again, the notification of willingness to stipulate is filed on behalf of only four defendants, Chester Brackett, administrator, Sarah E. Brackett, J. F. Clark and Inez Clark. The other defendants, Robert Rogerson, ——— Rogerson, his wife, John McRae and J. W. Mauldin, did not appear nor answer. Ira Brackett (since deceased), Sarah E. Brackett, J. F. Clark and Inez Clark alone answered. The verdict of the jury refers to the Brackett and Clark lands, no defendants being specifically named therein. The decree awards the sum of $36,225.25 to be apportioned "as their separate interest may appear" to "defendants Sarah Brackett, Inez Clark, Chester Brackett, Bert Brackett and Frank Clark," and the sum of $23,656 to "defendants J. F. Clark and Inez Clark, Robert Rogerson, John McRae and J. W. Mauldin, as their separate interest may appear." The order denying a new trial and reducing the judgment refers to the Brackett and Clark lands.

It appears that defendants Robert Rogerson, ——— Rogerson, his wife, John McRae and J. W. Mauldin, mentioned in the decree as having some interest in the damages awarded for the taking of the Clark lands, Bert Brackett and Frank Clark, mentioned in the decree as defendants having some interest in the damages awarded for the taking of the Brackett lands, did not join in the notification. At the time of the trial, defendants McRae and Robert Rogerson had sold the portion of the land north of the Jarbridge road to defendant J. F. Clark. Title had not then passed and was still in Rogerson's name. A deed was at the bank, in escrow, with Clark's unpaid note. It is true that counsel stated on argument that settlement had been made for the Clark lands, and they were no longer an issue in the controversy here. But, viewing the situation as it confronted the trial judge, the notice of willingness to stipulate was not sufficient because it was not joined in by all defendants. The trial judge himself concluded that the "Notification of Willingness to Stipulate" was technically ineffectual, and on March 14, 1924, ordered

defendants to comply with his order of February 11, 1924, *instanter,* or a new trial would be granted.

[4]   The minute entry of February 11, 1924, is an alternative order which amounted to a granting of a new trial in the event defendants should not consent to the diminution of the judgment as fixed by the order, within 30 days, and upon failure to so consent within the time limited, the order at once became final. (*Green v. Russell,* 71 Wash. 379, 128 Pac. 645; *Harrington v. Butte A. & P. Ry. Co.,* 39 Mont. 22, 101 Pac. 149; *Brown v. Cline,* 109 Cal. 156, 41 Pac. 862; *Winningham v. Philbrick,* 56 Wash. 38, 105 Pac. 144.)

There was no compliance with the court's order of February 11, 1924, concerning the acceptance of the diminution of the judgment entered, within the time stated, and the trial court was without power to deny the motion for a new trial on March 14, 1924. (*Spivey v. District Court, supra; Holtum v. Greif,* 144 Cal. 521, 78 Pac. 11.)

Respondents concede the rule, but say the court had power to extend the time for compliance with the order. It is not necessary to decide whether the time could be extended by the court, because in the instant case the trial judge made no order extending the time until after he ceased to have power to make such an order. February had 29 days in 1924. If we add to the 18 days remaining in February, 12 days in March, we find that the 30-day period expired on March 12, 1924. The order requiring respondents to comply *instanter* with the conditions of the order of February 11, 1924, now claimed to be an extension of the time for such compliance, was made two days too late. The order was made without any showing, or application, for relief in furtherance of justice through mistake, inadvertence, surprise or excusable neglect under C. S., sec. 6726, as amended by Sess. Laws 1921, chap. 235. Relief could not, therefore, be granted thereunder because the discretion of the court had not been set in motion by a sufficient showing.

The Utah case, *Harris v. Speirs,* 55 Utah, 474, 186 Pac. 446, relied upon by counsel for respondents, expressly

recognizes the necessity for timely application for an extension of time for compliance with the order, or proper application for relief when in default. In that case, the court granted 20 days in which to accept the diminution prescribed by the order. Before the 20 days elapsed the court extended the time for an additional 15 days. On the 16th day, one day late, counsel made a showing of excusable neglect under a statute similar to our C. S., sec. 6726 (Compiled Laws Utah, sec. 6619), and the court further extended the time. On this point the court said:

"It is next assigned as error that the court erred in granting another extension on November 10th, one day after the previous extension had terminated. The record, however, shows that that extension was made upon a showing of inadvertence and excusable neglect. By doing that, therefore, the discretion and power of the court was invoked under section 6619, *supra*, which in express terms provides that a court may grant relief in case of 'mistake, inadvertence, surprise, or excusable neglect.'"

In view of the conclusion reached, it will serve no useful purpose to discuss appellant's contention that the damages allowed to stand are excessive, or to analyze the testimony of the several witnesses who testified to values.

[5] Objections to certain testimony and the rulings of the court thereon have been raised. Objections were sustained to the testimony of appellant's witnesses Johnson and Swendsen relative to conversations had with Ira Brackett, now deceased. Appellant contends that this testimony was admissible upon the theory that the conversations sought to be introduced were in the nature of admissions by a then owner of the land sought to be condemned. (Jones on Evidence, secs. 162, 242.) The ruling was right. It does not appear from the record what these conversations were, or if they in fact constituted admissions. Appellant made no offer of proof in connection with this objection as to either witness.

[6, 7] Appellant moved to strike the testimony of respondents' witness McMillan who testified to the value of

the lands in controversy. He testified on cross-examination that his testimony as to the value of the rocky lands was based partly on what it was worth to appellant. Such testimony is not admissible. (*Rawson Works Lumber Co. v. Richardson*, 26 Ida. 37, 141 Pac. 74, approved on the former hearing in this case, *Idaho Farm Development Co. v. Brackett, supra*.) This witness also testified to the value of the hay and pasture lands. From a reading of the record, the objectionable feature of his testimony only went to the rocky lands. The motion to strike was too broad, covering all of the witness' testimony, and was properly denied. The jury were properly instructed, and on denying appellant's motion the court cautioned the jury that value should not be based upon what the land was worth to appellant.

[8] It is urged that the witness George Crockett was not competent to testify to the value of the lands in question, he not having been shown to be familiar with them, or acquainted with their reasonable market value. The witness was not qualified. Other witnesses testified to greater values than did this witness.

We find no other errors assigned that are deemed material. It is recommended that the order denying a new trial be set aside and the cause remanded, with directions to grant a new trial. Costs to respondents.

Brinck, C., concurs.

The foregoing is approved as the opinion of the court and the order denying a new trial is set aside and the cause remanded for a new trial. Costs to respondents.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.