[No. 33322. Department Two. October 6, 1955.]

MARJORIE MATTSON, *Individually and as Administratrix, Plaintiff and Relator,* v. HANNA KLINE, *Defendant,* THE SUPERIOR COURT FOR KING COUNTY, *Donald A. McDonald, Judge, Respondent.*[1]

*Smart & Parker,* for relator.

*John E. Belcher* and *Lawrence W. Wanichek,* for defendant and respondent.

[1]Reported in 288 P. (2d) 483.

ROSELLINI, J.—The plaintiff and relator, Marjorie Mattson, brought this action to recover possession of certain real property which she claimed as administratrix and sole heir of her mother, Ruth Leigh (Kline), who died in 1943, and to recover damages for waste alleged to have been committed by the defendant. The complaint was filed on March 8, 1954, and, the defendant having failed to appear, a default judgment was entered on March 25, 1954, upon motion of the plaintiff, awarding her the relief prayed for in the complaint. The judgment recited that the defendant had been duly and regularly served with process and that the time for answering had expired.

On April 29, 1954, defendant moved to vacate the judgment under Rem. Rev. Stat., § 464, subds. 3 and 4 (RCW 4.72.010):

"For mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order;

"For fraud practiced by the successful party in obtaining the judgment or order."

The motion was heard, upon notice, by the late Judge Robert M. Jones, who granted the petition on condition that the defendant pay to the plaintiff's attorney, within ten days from the date of the entry of the order, the sum of two hundred dollars. The order was entered on May 25, 1954. The two hundred dollars was not paid, and, according to a minute entry, respondent's exhibit No. 2, a motion to extend the time for payment was denied on June 21, 1954.

On August 18, 1954, defendant filed an affidavit "in support of her motion for an order carrying into effect the order of the late Judge Robert M. Jones, vacating said default judgment," and deposited two hundred dollars in the registry of the court for the benefit of the plaintiff's attorneys. An affidavit in support of this motion was filed on November 16, 1954, alleging, among other things, that the defendant had never been served with summons, that fraud had been practiced on her, and that she did not understand the condition of the order made by Judge Jones on May 5, 1954, and had been misled by a letter which she received

540

from the sheriff's office after the ten days had expired. On the same day, she tendered her answer and cross-complaint and obtained an order directing the plaintiff to appear on December 9, 1954, and show cause why the judgment should not be vacated. Plaintiff demurred to the "petition to vacate" on two grounds, only one of which she urges here, that the matter had theretofore been adjudicated.

The matter was heard on December 13, 1954, by the Honorable Donald A. McDonald, who decided that the defendant had shown a sufficient excuse for not fulfilling the condition of the order signed by the late Judge Jones and gave her leave to file her answer and cross-complaint. The order which he signed on April 8, 1955, contained a provision that, before going to trial, the defendant must establish by oral testimony that she was never personally served.

Plaintiff applied to this court for a writ of certiorari to review the order entered on April 11, 1955. As the parties construe this order, it vacated the default judgment on condition that the defendant prove that the court had no jurisdiction over her when that judgment was entered. A writ was issued on April 29, 1955, and a transcript of the record and proceedings was furnished in response to the writ. The matter was heard on June 17, 1955.

At the outset, we are faced with the question of whether certiorari will lie in this instance. This court has, in a number of early cases, been asked to review by certiorari an order vacating a default judgment. We have repeatedly held that such an order is an interlocutory order, that it is reviewable on an appeal from the judgment ultimately entered in the case, and that consequently, in the absence of a showing that the remedy by appeal is inadequate, certiorari will not lie to review it. *State ex rel. Harris v. Superior Court*, 34 Wash. 248, 75 Pac. 809 (1904); *Jones v. Paul*, 56 Wash. 355, 105 Pac. 625 (1909); *Wilson v. McGillivray*, 58 Wash. 291, 108 Pac. 620 (1910).

The plaintiff does not deny that we have consistently refused certiorari to review an order vacating a default judgment, where the petitioner is a party to the original

action and thus may have the order reviewed on appeal from the final judgment. She attempts to distinguish these cases on the ground that, in each of them, the trial court had vacated the judgment in the exercise of its discretion, whereas here, the court has acted without jurisdiction.

Her argument is founded upon the case of *Green v. Russell*, 71 Wash. 379, 128 Pac. 645 (1912), an appeal from an order refusing to vacate a judgment and grant a new trial. We held that the refusal was proper, since the court, having once entered an order vacating the judgment conditionally, was without jurisdiction to enter a subsequent order after the defendant had failed to perform the condition. The time for performance of the condition had expired when the defendant moved the court for an extension of time. No new ground for vacating the judgment was urged, and the case differs from the one before us in that respect. However, assuming without deciding that the *Green* case is controlling here and that the trial court exceeded its jurisdiction when it excused the condition after the time for its performance had expired, the error is not one which entitles the plaintiff, as a matter of right, to a writ of certiorari.

The policy which we have consistently followed, with regard to granting the writ where it is claimed that the trial court has exceeded its jurisdiction, was enunciated most recently in *State ex rel. Burkhard v. Superior Court*, 11 Wn. (2d) 600, 120 P. (2d) 477, p. 602, quoting from *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 877, 111 Am. St. 925:

"*We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs*, and not the mere question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction."

The many cases in which we have approved this rule are cited in the opinion in *State ex rel. Burkhard v. Superior Court, supra.*

■ The plaintiff urges that the remedy by appeal is inadequate because, if the defendant convinces the trial court that she was never served with summons, plaintiff will be put to the delay and expense of a trial on the merits before she can have the erroneous order reviewed. But this argument is equally applicable in any case in which a default judgment has been vacated or any other interlocutory order has been erroneously entered. The law favors a trial on the merits and looks with disfavor on the trying of a case by piecemeal. If the final judgment is against the relator, we can review, upon an appeal from that judgment, the question whether the court exceeded its jurisdiction or abused its discretion in vacating the judgment; and in the interim, the fruits of the litigation will not be lost.

The writ is quashed.

HAMLEY, C. J., WEAVER, and OTT, JJ., concur.

HILL, J., concurs in the result.