32 P.3d 1034 (2001)
SNOHOMISH COUNTY, Appellant,
v.
STATE OF WASHINGTON SHORELINES HEARINGS BOARD, Respondent.
No. 47346-8-I.
Court of Appeals of Washington, Division 1.
October 15, 2001.
*1036 Ruth A. Robinson, Sonohomish County Prosecuting Attorney, for Appellant.
Jean Marie Wilkinson, Assistant Attorney General, for Respondent.
*1035 APPELWICK, J.
The Shorelines Hearings Board (SHB) did not err in ruling that service of a copy of a shoreline permit appeal on Snohomish County's (County) Planning Department complied with the requirement to serve the "local government" under the Shorelines Management Act, RCW 90.58.180. The requirements of RCW 4.28.080, which requires that service of a summons on a county in a judicial action be made on the county auditor, have not been incorporated into either RCW 90.58.180 or the Washington Administrative Procedure Act, chapter 34.05 RCW. We therefore hold that the SHB's ruling was not in error.

FACTS
Snohomish County granted a shoreline permit to Pacific Rim Pension Fund. Citizens for Natural Habitat, Richard and Elizabeth Wennberg, and Leonard and Nancy Goodisman (together, Citizens) filed an appeal with the Shorelines Hearings Board (SHB), requesting review of Pacific Rim's shoreline permit. The Citizens timely faxed and mailed a copy of their appeal to Susan Scanlan, Principal Planner, Snohomish County Department of Planning and Development Services (Planning Department). Neither the chief legal officer for Snohomish County, nor the County's auditor's office, was served with a copy of the appeal.
The Planning Department contacted the Snohomish County Prosecuting Attorney's office to inform it about the Citizens' appeal. The County filed a special notice of appearance in the Citizens' appeal, filed a witness and exhibit list and participated in a prehearing conference conducted by the SHB.
The County then filed a motion to dismiss the Citizens' appeal, contending that the County had not been properly served pursuant to RCW 90.58.180(1). That statute, the Shorelines Management Act, states:
Within seven days of the filing of any petition for review with the board as provided in this section pertaining to a final decision of a local government, the petitioner shall serve copies of the petition on the department, the office of the attorney general, and the local government.
RCW 90.58.180(1) (emphasis added). The County argued that service was improper under the statute, because the Citizens did not serve copies of their appeal on the county auditor.
The SHB denied the motion to dismiss. The SHB ruled that when the Citizens served the County's Planning Department, they had complied with the requirement to serve the "local government" under RCW 90.58.180. The SHB relied on three of its previous decisions[1] in concluding that RCW 90.58.180 does not require service on any particular agent or office of a local government.
The County filed a petition for writ of review under chapter 7.16 RCW and petition for constitutional writ of certiorari in Snohomish *1037 County Superior Court, requesting reversal of the SHB's denial of the motion to dismiss. The superior court denied the County's petition for writs.
The SHB proceeded to conduct an adjudicative hearing on the merits of the Citizens' appeal. After the hearing, the SHB issued a final decision, denying the Citizens' appeal. The County appeals the superior court's denial of its interlocutory motion for writs. The County also asks this court to resolve the underlying service of process issue.

ANALYSIS
I. Petition for Writs of Review
The County argues that the superior court abused its discretion in refusing to grant a statutory writ of review or a constitutional writ of certiorari to review the SHB's decision regarding the service of process issue.
A trial court's decision not to issue a writ is discretionary and will be reversed only for an abuse of that discretion. San Juan Fidalgo Holding Co. v. Skagit County, 87 Wash.App. 703, 714, 943 P.2d 341 (1997). The court abuses its discretion when its decision is based upon untenable grounds or made for untenable reasons. Birch Bay Trailer Sales, Inc. v. Whatcom County, 65 Wash.App. 739, 746, 829 P.2d 1109 (1992).
There are two categories of writs: (1) the constitutional common law writ, and (2) the statutory writ. Bridle Trails Cmty. Club v. City of Bellevue, 45 Wash.App. 248, 252, 724 P.2d 1110 (1986). A superior court has inherent power to review a lower tribunal's decisions, which it derives from article IV, section 6 of the Washington State Constitution. Saldin Sec., Inc. v. Snohomish County, 134 Wash.2d 288, 292, 949 P.2d 370 (1998). Statutory writs, in turn, are governed by chapter 7.16 RCW. City of Seattle v. Williams, 101 Wash.2d 445, 454, 680 P.2d 1051 (1984).
A writ of review, either constitutional or statutory, will not lie when there is an adequate remedy at law, such as by direct appeal from the final judgment. Mattson v. Kline, 47 Wash.2d 538, 540, 288 P.2d 483 (1955); State v. Epler, 93 Wash.App. 520, 525, 969 P.2d 498 (1999). Here, the trial court stated as one of its reasons for denying the County's petition for writs, that the County had an adequate remedy at law through direct appeal of the SHB's final judgment.
In its petition for writ of review, the County argued that direct appeal of the final judgment would not be an adequate remedy at law. The County stated that it would "be prejudiced by the necessity ... to expend public resources in preparation for hearing." Further, the County argued that direct appeal of the final judgment would not be an adequate remedy, because if it prevailed on the merits before the SHB, it could not appeal the final judgment. That is what happened in this case.
The County's given reasons were not sufficient to compel the trial court to grant the petition for writs. An interlocutory writ is an "extraordinary remedy reserved for extraordinary situations." King County v. Board of Tax Appeals, 28 Wash. App. 230, 237, 622 P.2d 898 (1981). A petitioner's wish to avoid the delay and expense of a trial is insufficient to justify issuing an interlocutory writ. Mattson, 47 Wash.2d at 541, 288 P.2d 483. This is true even when the party argues that the tribunal below lacked jurisdiction, as the County argued in this case. Mattson, 47 Wash.2d at 541, 288 P.2d 483. Instead, "[t]here must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction." Mattson, 47 Wash.2d at 541, 288 P.2d 483 (citations omitted). The fact that a petitioner cannot appeal the final judgment if it prevails on the merits of a case does not justify granting a petition for writs. The trial court did not abuse its discretion in denying the petition for writs.
II. Mootness/Public Interest Present
The County brought the petition for writs on an interlocutory basis because it wanted to avoid a fact-finding hearing before the *1038 SHB. That hearing has now taken place. The SHB has ruled against the Citizens and has upheld Pacific Rim's shoreline permit. The County's stated need for relief while seeking a writ of reviewto avoid an allegedly unnecessary hearingcannot now be effectively granted, that issue is now moot. The County argues that this court should nonetheless address the underlying service of process issue.
The general rule is that, where only moot questions are involved, an appeal should be dismissed. Sorenson v. City of Bellingham, 80 Wash.2d 547, 558, 496 P.2d 512 (1972). This rule has an exception, however. This court may, in its discretion, retain and decide an appeal which has otherwise become moot when it can be said that matters of continuing and substantial public interest are involved. Sorenson, 80 Wash.2d at 558, 496 P.2d 512.
"Criteria to be considered in determining the `requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question.'" Sorenson, 80 Wash.2d at 558, 496 P.2d 512 (quoting People ex rel. Wallace v. Labrenz, 411 Ill. 618, 622, 104 N.E.2d 769 (1952)). This exception to the general rule applies only where the real merits of the controversy are unsettled and a continuing question of great public importance exists. Sorenson, 80 Wash.2d at 558, 496 P.2d 512.
Here, the merits of the controversy are unsettled and involve a continuing question of public importance. This is at least the fourth case in which the SHB has ruled that RCW 90.58.180 does not require service on any particular agent or office of a local government. No court has reviewed the SHB's stance regarding service on the County in shoreline permit appeals. The County is likely to be served with shoreline permit appeals in the future. We are persuaded that we should now decide the service of process issue.
III. Service of Process
The County argues that it was not properly served with a copy of the Citizens' appeal of the shoreline permit. The County contends that RCW 4.28.080 applies to appeals of shoreline permits before the SHB. That statute provides that service of a summons on a county in a judicial proceeding must be made on the county auditor. The County contends that service of process here was inadequate, because the Citizens did not serve a copy of their appeal upon the county auditor.
RCW 90.58.180(1), which governs shoreline permit appeals before the SHB, states that a copy of a shoreline appeal shall be served on "local government." The statute does not specify that service on the county entails service on the county auditor. Further, the statute does not state that it incorporates the service requirements of RCW 4.28.080 nor separately define "serve."
The shoreline permit appeals statute, instead, states that review proceedings before the SHB "are subject to the provisions of chapter 34.05 RCW pertaining to procedures in adjudicative proceedings." RCW 90.58.180(3). In fact, the APA applies to all activities of the SHB. Department of Highways v. Environmental Council, 82 Wash.2d 280, 284, 510 P.2d 216 (1973). Chapter 34.05 RCW, the Washington Administrative Procedure Act (APA), does not specify that service of process in an administrative proceeding must be made upon a particular person. The APA provides simply: "A party that files a pleading, brief, or other paper with the agency or presiding officer shall serve copies on all other parties, unless a different procedure is specified by agency rule." RCW 34.05.437(3). The APA defines service as follows:
"Service," except as otherwise provided in this chapter, means posting in the United States mail, properly addressed, postage prepaid, or personal service. Service by mail is complete upon deposit in the United States mail. Agencies may, by rule, authorize service by electronic telefacsimile transmission, where copies are mailed simultaneously, or by commercial parcel delivery company.
*1039 RCW 34.05.010(19). The SHB has not adopted a different rule for service.
The Legislature has not expressly provided in the APA or in chapter 90.58 RCW the restriction either on method of service or on who may be served for which the County argues. Moreover, when the Legislature has intended that service can only be accomplished by serving a particular individual, it has expressly stated who that individual is. For example, to obtain judicial review of a land use decision, a person must file a "land use petition." The Legislature has stated expressly that service of a land use petition must be made pursuant to RCW 4.28.080: "Service on the local jurisdiction must be by delivery of a copy of the petition to the persons identified by or pursuant to RCW 4.28.080 to receive service of process." RCW 36.70C.040(5).
RCW 4.28.080 by its terms governs service of a summons in a judicial action. RCW 90.58.180(1), on the other hand, relates to appeals arising from shoreline permits. This case involves an administrative hearing before a state agency, not a judicial action. It is commenced by filing and serving a shoreline permit appeal, not by filing a complaint or serving a summons. RCW 4.28.080 is inapplicable.
In sum, we hold that the SHB did not err in ruling that service of the shoreline permit appeal on the County's Planning Department complied with the requirement to serve the "local government" under RCW 90.58.180.
BAKER, J., concurs.
AGID, C.J. (concurrence).
I agree with logic of the majority opinion and concur in its resolution of the service issue. I write separately because, like the County, I am concerned about the ramifications of our decision. The Shorelines Hearings Board's (SHB) loose service rule has a significant potential for abuse. While Susan Scanlan apparently knows what to do with appeal documents when she receives them, I am not at all sure every municipal employee does. The reason behind RCW 4.28.080's very specific service requirements is to assure that the municipality, an amorphous creature at best, actually receives timely notice of challenges to its decisions.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.[2]
Where a single designated municipal officer is the only person to receive appeal documents, there is little or no risk that they will not ensure that the attorneys responsible for responding to the appeal will get them in time to take what ever legal steps are necessary. But under the SHB's rule, anyone who works for the municipality can be served with an appeal. There is no reason to believe that every municipal employee would know the right thing to do or that he or she would do it. In order to avoid confusion and the potential for unnecessary and clearly avoidable procedural litigation in these cases, I urge the Legislature or SHB to adopt specific rules governing service of appeal documents.
NOTES
[1] See Spoelstra v. Snohomish County, SHB No. 99-022 (1999); Letzring v. Ecology, SHB No. 98-62 (1999); Kennedy v. City of Seattle, SHB No. 98-18 (1998).
[2] Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).